## GODFREY v. McKEAN.

1. **Practice**: TRIAL OF EQUITABLE ACTIONS: EVIDENCE. The taking of stenographic notes of the oral evidence offered upon the trial of an equitable action is not a compliance with the provisions of chapter 145, laws of 1878.

2. ——: ——: ——. But where evidence is so taken down by order of the court, made on motion of one of the parties, and such party makes no objection to the manner in which it is taken, he waives the right to insist on the statutory provision, and is not entitled to an order of court requiring the reporter to file a long-hand copy of his notes as a part of the record, without providing for payment for making such copy.

THURSDAY, JUNE 17.

THIS is an original action in this court, the object of which is to compel the defendant, who is judge of the Circuit Court,

to make a certain order in an action lately pending in said court.

*Brown & Binford*, for plaintiff.

*Stivers & Bradshaw* and *Struble & Kinne*, for defendant.

PER CURIAM.—The plaintiff brought an action in the Circuit Court for a divorce against her husband, John Godfrey. The latter denied the allegations of the petition, and filed a cross petition asking a divorce on his part.

1. PRACTICE: trial of equitable actions: evidence.

At a proper time the court, on the "oral request" of the plaintiff, "ordered that the said cause be tried on written evidence and oral evidence taken down by the reporter of said court."

As we understand, this order contemplated the parties might take the whole or a part of the evidence in the form of depositions, or they might introduce witnesses at the trial and have their evidence taken down by the short-hand reporter, as is usually done; that is, by writing the same in stenographic form. The latter mode was adopted as to at least a portion of the evidence.

The issue in said action was found and determined against the plaintiff. She, desiring to appeal to this court, and having given the requisite notice, moved the court to require the reporter to certify the evidence so taken down by him in stenographic form, and translate the same, and file such translation and the original with the clerk. The stenographic notes, as we understand, can only be read and understood by the reporter. By asking they be translated, it was meant they should be written in long-hand, so the evidence could be read and understood by persons other than the reporter, to the end that a bill of exceptions could be prepared, and the evidence brought to this court in such form that it could be understood.

The court directed the reporter to file with the clerk the stenographic notes of the evidence, and the defendant certified thereon that the same was all the evidence so taken down in short-hand by the reporter, and refused to order the reporter to translate the stenographic notes unless the plaintiff would pay the cost thereof. Because of such refusal, it is said, the defendant failed to perform " a duty resulting from his office," and we are asked to issue a writ of *mandamus* compelling him to perform such duty. In relation thereto we have to say:—

I. That it will be conceded chapter 145 of the acts 17th general assembly requires the oral evidence taken in court on the trial of equitable actions shall be in writing, and that stenographic notes cannot be regarded as such a writing as is contemplated by the said statute.

The plaintiff moved, and the court ordered, the evidence should be " written down by the reporter." The plaintiff must have desired when the motion was made, because of the form of the request, that the evidence should be taken down in short-hand. Not only so, but she must have known it was being so done. No objection at any time was made thereto. The plaintiff, therefore, must have acquiesced therein, and have waived the provision of the statute requiring the evidence to be in writing. It cannot, therefore, be said the defendant acted illegally, or, if he did, the illegality has been waived.

II. For the purposes of the case pending before the Circuit Court, the evidence was taken in proper and sufficient form, and the plaintiff asked the court to order and require the reporter to translate his notes without making any provision for his payment, and the motion must have proceeded on the ground it was the absolute duty of the defendant to make the order, and the duty of the reporter to obey it. In our opinion, no such duty is enjoined upon the defendant. He did not have the power to require the reporter to translate his notes, unless some arrangement was made satisfactoy

to the reporter for his compensation, in the absence of a statute making it the duty of the reporter to do so. There is no such statute, but, on the contrary, it is provided that any party who desires to have the reporter's notes translated shall pay therefor. Code, § 3777.

THE WRIT IS REFUSED.