RICHARDS v. LOUNESBURY.

1. **Practice in Supreme Court:** EVIDENCE TAKEN IN SHORT-HAND: HOW CERTIFIED. Evidence taken in short-hand can become the written evidence, for the purpose of an appeal, only when it is translated, and the translation is certified by the reporter. (Code, § 3777.) The certificate of the judge, who cannot read the short-hand notes, that they show all the evidence offered and received, cannot give them the character of written evidence.

*Appeal from Jasper Circuit Court.*

FRIDAY, MARCH 20.

THIS action was brought at law to recover upon a written contract. Upon motion of defendant the cause was, against plaintiff's objection, transferred to the chancery docket. Upon a trial on the merits, a judgment was rendered for plaintiff. Defendant appeals.

*Alanson Clark,* for appellant.

*Winslow & Varnum,* for appellee.

BECK, CH. J.—Plaintiff moves to strike the evidence in this case. It is shown by an amended abstract filed by plaintiff, which is not denied by defendant, that the evidence was taken by a short-hand reporter, and his notes were filed in the case. The court gave a bill of exceptions, which shows that the notes of the reporter correctly show, with the exhibits, all the evidence offered, and all the evidence received at the time. But there is no certificate of the court or judge to the transcript of the notes. The reporter does not certify to the translation of the notes. We think, by reason of this fact, the evidence cannot be considered here. Surely the reporter, who probably alone can correctly read the notes, ought to certify to the translation; and the certificate of the judge, who cannot read them, ought not to be regarded as alone sufficient. The statute provides that the notes " may

be referred to in any bill of exceptions, and when transcribed and *certified*, shall be inserted therein on appeal." Code, § 3777. This language evidently contemplates the certification of the transcript or translation of the notes. *Ross v. Loomis*, 64 Iowa, 432, is in harmony with this conclusion, holding that a translation of the notes, certified by the reporter, sufficiently presented the evidence. It is plain that the certificate of the judge, who cannot read the notes, cannot give them the character of written evidence in the case. Evidence taken in short-hand can only become the written evidence when translated, and the translation is certified to by the reporter.

We think the motion of the plaintiff to strike the evidence ought to be sustained. This ends the case, as there are no errors assigned, and, indeed, none are argued, except those based upon the evidence. The judgment of the circuit court must be

AFFIRMED.