Merrill v. Bowe et al.

SAME AS NO. 1 ante.

MERRILL v. BOWE ET AL.

1. **Practice on Appeal:** TRIAL DE NOVO: MANNER AND TIME OF CERTIFYING EVIDENCE. To entitle an equity case to be heard *de novo* in this court, the evidence must be certified by the judge within six months from the rendition of the decree; and the rule requires that the written transcript of the short-hand notes be so certified, for it alone, and not the original notes, constitutes the evidence. But where the judge in due form certifies the short-hand notes as containing all the evidence, and the reporter, within the six months, files a translation thereof,

properly certified by himself, the judge's certificate attached to the notes may be regarded as so connected with the translation as to answer the purpose of the statute.

## Appeal from Polk Circuit Court.

### FRIDAY, OCTOBER 22.

ACTION in equity to set aside a judgment and for other relief. There was a decree for the plaintiff. The defendant Gibbs appeals.

*Parsons, Perry & Sherman,* for appellant.

*Wright, Cummins & Wright,* for appellee.

ADAMS, CH. J.—The appellee moves to strike the evidence from the files on the ground that it was not properly certified and made of record within the time allowed. The fact appears to be that the witnesses were examined orally in court, and their testimony was taken down in short-hand by the official short-hand reporter. At the close of the trial the judge attached his certificate in due form to the short-hand notes, and the same were filed. This was on the thirteenth day of May, 1885. Nothing more appears to have been done towards perfecting the record until January 1, 1886, when the short-hand reporter indorsed upon a transcript of his notes his certificate certifying to the correctness of the transcript. On the sixteenth day of April, 1886, a little more than eleven months from the rendition of the decree, the short-hand reporter's transcript of the notes was filed in court.

To entitle an equity case to be heard *de novo* in this court, the evidence must be certified within six months from the rendition of the decree. In the case at bar the short-hand notes were certified within that time, but the transcript of the notes was not. In the trial of equitable actions the evidence must be taken down in writing, and the short-hand

notes do not constitute written evidence. *Godfrey v. McKean*, 54 Iowa, 127. If, however, the notes taken by order of court are afterwards transcribed by the short-hand reporter, and certified to by the reporter, and filed, such transcript shall be deemed written evidence. *Ross v. Loomis*, 64 Iowa, 432. The rule which requires the evidence to be certified within six months, it seems to us, requires that the transcript of the short-hand notes should be certified within that time, because it alone constitutes the written evidence. In *Richards v. Lounesbury*, 65 Iowa, 587, the court said: "It is plain that the certificate of the judge, who cannot read the notes, cannot give them the character of written evidence in the case. Evidence taken in short-hand can only become the written evidence when translated." When translated and properly certified to by the reporter, and filed, the judge's certificate, attached to the notes, may be regarded as so connected with the transcript as to constitute, with the reporter's certificate, a proper certification within the provision of the statute. *Ross v. Loomis*, above cited. But the certification is not to be deemed complete until this is done, or at least not until the translation is made and the reporter's certificate is attached. If we are correct, the evidence in this case cannot be deemed to have been certified earlier than the first of January, 1886, if, indeed, it were earlier than the sixteenth of April, 1886. No one except the reporter could know sooner than that what was to be regarded as the written evidence in the case upon which it was to be tried upon appeal if at all, and we think that the appellee was entitled to know within six months what the evidence was. In a case not to be tried *de novo* upon written evidence, we do not say that the rule announced would have any application.

In our opinion, the motion to strike out the evidence should be sustained, and it follows that the case must be

DISMISSED.