Goetz v. Stutsman, Judge.

## GOETZ v. STUTSMAN, JUDGE.

1. **Intoxicating Liquors**: NUISANCE: INJUNCTION: CONTEMPT: EVIDENCE. Upon a hearing for contempt of an injunction restraining the maintenance of a nuisance under the prohibitory liquor law, oral evidence may be received, under § 3, chap. 66, Laws of 1886; and if it be required that such evidence be reduced to writing, under § 3497 of the Code, this is sufficiently complied with when the oral evidence is taken down and filed at the time by the short-hand reporter; and afterwards a transcript thereof, duly certified by the reporter and the judge, is also filed with the papers in the case.

2. ———: ———: ———: ———: STATEMENT OF FACTS IN WARRANT. In this case the warrant of commitment for contempt recited that plaintiff (defendant in the contempt proceeding) was convicted on the date of the warrant of the offense of a contempt of the court which ordered the warrant to issue, in violating the terms and conditions of

an injunction issued against him in a cause then pending in that court, which was described by title, and that the offense was proved by witnesses. *Held* a sufficient statement of the facts, under § 3498 of the Code.

3. ——: ——: ——: ——: LENGTH OF IMPRISONMENT. Defendant, being found guilty of contempt in violating an injunction re-train-him from keeping a place for the unlawful sale of liquors, was ordered to pay a fine and the costs, and in default thereof to be imprisoned "not to exceed as many days as three and one-third dollars is contained in said fine *and costs.*" *Held* erroneous as to the costs, as the statute does not provide that they are to be included in measuring punishment for contempt, though they are to be included in imprisonment for keeping the nuisance. (See § 1543 of the Code, as amended.)

TUESDAY, MARCH 6.

THIS is a *certiorari* proceeding to test the validity of an order for the punishment of an alleged contempt of court.

*P. Henry Smyth & Son*, for plaintiff.

No appearance for defendant.

ROBINSON, J.—It is made to appear that on the 13th day of March, 1886, the defendant, as judge of the district court of Des Moines county, ordered that a temporary injunction issue to restrain the plaintiff in this proceeding from keeping a place for the illegal sale of intoxicating liquors, and from selling such liquors contrary to law. The order was made in an action brought by a citizen of Des Moines county against this plaintiff, under the provisions of section 1543, Code, as amended by chapter 143, Acts Twentieth General Assembly. A writ of injunction was issued, and served on the 15th day of March, 1886. Proceedings against plaintiff were afterwards had to secure his punishment for an alleged violation of the writ. Upon the hearing in such proceedings, the defendant found plaintiff guilty of contempt in violating the injunction, and ordered that he pay a fine of $500, and the costs of the proceedings, and that he be committed to the county jail until such fine and costs were paid; "said imprisonment not to exceed as many days as three and one-

third dollars is contained in said fine and costs." The hearing was had and order made on the 29th day of June, 1886, and a warrant of commitment was issued pursuant to the order. The plaintiff complains of the order and warrant on the alleged ground " that neither the order nor the warrant contained any statement of the facts, such as the law requires, upon which the defendant is sought to be restrained of his liberty, and upon which the judgment of the court was based; and that no evidence showing the facts of defendant's guilt was properly reduced to writing and filed, as required by the statute."

I. It appears from the returns of the defendant to the writ of *certiorari* that nearly all the evidence on the hearing in the contempt proceedings was given by witnesses who were examined orally, and that their testimony was taken down in short-hand by the official short-hand reporter of the court. It also appears that the transcript of the evidence included in the record was made September 15, 1886, and filed two days later; and that it was made at the instance of plaintiff, from the short-hand notes, for use in his appeal from the final decree in the main cause in which he was defendant. Attached to the short-hand notes was a certificate, signed by defendant, to the effect that the notes and exhibits therein referred to contained all the evidence offered and introduced on the trial. The certificate of the short-hand reporter, dated September 15, 1886, is attached to a transcript of the notes. This certificate states, in effect, that the transcript is correct, and, with the exhibits therein referred to, contains all the evidence offered and introduced on the trial of the main cause. It also appears that the evidence introduced on the trial of the main cause and in the contempt proceedings was offered and submitted at the same time. It is insisted, on the part of plaintiff, that it was contrary to law to admit oral testimony on the hearing in the contempt proceedings. But when such hearing was had, chapter 66, Acts Twenty-first

*1. INTOXICATING liquors: nuisance: injunction: contempt: evidence.*

General Assembly, was in force. Section 3 of that act expressly authorizes the examination in court of witnesses in contempt proceedings of the character in controversy. The examination contemplated was no doubt oral; hence the evidence so given could not have been in writing when offered. If it be required that such evidence be reduced to writing, and preserved as a part of the record, when must this be done? It was held in *Lutz v. Aylesworth*, 66 Iowa, 629, that the taking down of the evidence as it was given by the short-hand reporter, followed at a later time by the filing of his transcript of the short-hand notes, answered the requirements of section 3497, Code, so far as it requires the evidence offered to be in writing. In *Ross v. Loomis*, 64 Iowa, 432, it was held that the short-hand notes of the evidence taken on the trial, and certified by the judge at its close, when followed by the filing of a transcript of the same, was a sufficient compliance with the requirement of chapter 145, Acts Seventeenth General Assembly, that all evidence offered in the cases therein named should be taken down in writing; and it was also held that the transcript need not be made at the time of the trial, in order to comply with that requirement. In this case the order complained of recites that the evidence of the witnesses had been filed and preserved of record in the court. We must therefore conclude that the short-hand notes of the evidence, with the attached certificate of the judge already referred to, had been placed on file when the order was made. This was followed on the 17th day of September, 1886, by the filing of the transcript, duly certified by the short-hand reporter. The evidence was then a part of the record for all the purposes of the main case. The petition of plaintiff, was not presented to this court until the 10th day of December, 1886. We therefore conclude that the claim of plaintiff, that the evidence was not in writing and properly filed and preserved, is not well grounded.

II.   It is next objected that the warrant of commitment

fails to state the particular facts and circumstances on which the court acted in making the order in question. The warrant recites that plaintiff was convicted, on the date of the warrant, of the offense of contempt of the court which ordered the warrant, to issue, in violating the terms and conditions of an injunction issued against him in a cause then pending in that court, which was described by title, and that the offense was proven by witnesses. The counsel for plaintiff do not suggest any material omission in the recitals of the warrant, but claim that it contains no statement of fact. We think their claim is hardly warranted by the record. The statement of facts seems to us to be sufficiently full, for the purposes of this case, to comply with the requirements of section 3498, Code.

*2. statement of facts in warrant.*

III. The defendant ordered that plaintiff be committed to the county jail until the fine and costs should be paid; such imprisonment not to exceed as many days as three and one-third dollars are contained in the fine and costs. Section 1543, Code, as amended, authorizes a committal until both fine and costs are paid, in case of a conviction for nuisance, but not in case of punishment for contempt. The judgment complained of is therefore so far corrected as to require the imprisonment of plaintiff in the county jail for the period of 150 days, unless the fine be sooner paid; and, as so modified, the judgment and warrant are approved, and the cause is

*3. length of imprisonment.*

AFFIRMED.