## MOODY v. EDWARDS ET AL.

1. **Appeal:** PRACTICE: CERTIFYING EVIDENCE: TIME.   In order to a trial *de novo* in this court, appellant must show affirmatively that the transcript of the short-hand reporter's notes was properly certified within six months after the entry of the judgment appealed from.   (*Merrill v. Bowe*, 69 Iowa, 653, followed.)

*Appeal from Guthrie Circuit Court.*

FRIDAY, OCTOBER 7.

ACTION IN EQUITY.   From the judgment S. B. Moody and others, intervenors, appeal.

*Chas. S. Fogg* and *Howard M. Kellogg*, for appellants.

*Willard & Fletcher* and *C. A. & J. G. Berry*, for appellees.

SEEVERS, J.—No errors are assigned, and counsel for the appellees insist that this cause cannot be tried *de novo* in this court, for the reason that the evidence was not properly certified and filed within six months after the judgment.   The evidence, or a portion of it, was introduced and heard in open court, and the same taken in short-hand by the reporter. The judgment was rendered and entered of record in December, 1886; and the judge indorsed upon the short-hand notes a proper certificate, but it does not appear when such certificate was made.   Such notes were filed in the clerk's office in July, 1887, being more than six months after judgment was entered.   A transcript thereof was not filed in the clerk's office until October, 1887, being ten months after the entry of judgment.   This transcript was certified to by the reporter, but the certificate is not dated.   The burden is on the appellants to show that the transcript of the short-hand notes was properly certified within six months after the entry of judgment.   As appellants have failed to do this, it follows that, following *Merrill v. Bowe*, 69 Iowa, 653, this cause cannot be tried anew; and therefore the judgment of the circuit court must be                         AFFIRMED.