GEORGE W. DIETZ v. THE CAPITAL CITY BRICK AND PIPE COMPANY, Appellant.

**Appeal:** TRIAL DE NOVO. *Transcript.* A trial *de novo* may be had upon evidence which is, in part, oral and taken in shorthand by the reporter, and, in part, documentary and written evidence, though said reporter does not sign any transcript of his shorthand report, or certify his shorthand notes, provided the trial judge certifies all the evidence under Code of 1873, section 2742.

*Appeal from Polk District Court.*—HON. W. A. SPURRIER, Judge.

WEDNESDAY, OCTOBER 27, 1897.

NOTE.—The judge's certificate at bar was as follows: "The foregoing is a correct, full and complete transcript of all the evidence, including documentary evidence and testimony of witnesses, produced and sworn upon the trial and whose evidence was taken down in writing at the trial, and which was produced, offered, or introduced upon the trial of said cause, and the foregoing constitutes a complete record of the evidence of said cause and is now hereby made a part of the record of the said cause."
—REPORTER.

PLAINTIFF, a judgment creditor of the Central Brick & Tile Company, brings this action in equity, alleging that said Central Company has sold and transferred all of its assets and property to the defendant; that the purchase price thereof has not been paid; that by the terms of the agreement of sale there was to be paid out of the purchase price the debts of the Central Company in cash, and the balance to be paid in stock of the defendant company, issued ratably to the stockholders of the Central Company; that by fraudulent collusion between the defendant and the stockholders of the Central Company all of the said purchase price, exceeding in amount the debts due plaintiff, is about to be paid by the issuance of stock, and that plaintiff will lose his debt, inasmuch as some of the stockholders in the Central Company are insolvent. The plaintiff claims an equitable lien on the fund in the defendant's hands, and a decree for payment of the amount due him. The defendant admits the purchase of the property from the Central Company; that it was to be paid for by seven hundred dollars cash and the balance to be paid by the issuance of stock in the defendant company to the Central Company's stockholders ratably; that such cash payment was made, and that the rights to stock in the defendant company have all been purchased and are now held by one McGorrisk; denies that the defendant now has any property of the Central Company; denies all fraud and collusion. There was a trial to the court, and on January 12, 1895, a decree was entered in favor of the plaintiff and against the defendant for one thousand, eight hundred and sixty-two dollars, and attorney's fees and costs. Defendant appeals.— *Reversed.*

*Bishop, Bowen & Fleming* for appellant.

*J. W. Lindsay, A. M. Miller,* and *B. I. Salinger* for appellee.

Kinne, C. J.—I.   Appellee insists that the evidence in this cause has never been made of the record, or in any way been properly preserved, so as to entitle this cause to be heard *de novo* in this court.   It is said that no translation or transcript of the shorthand notes of the evidence taken in the case, and duly certified by said reporter, has ever been filed, and therefore we have no evidence before us.   The situation, as shown by the transcript, is this:   This cause was tried on oral evidence, taken in shorthand by the official reporter; also in part upon documentary evidence and written evidence.   June 13, 1894, the trial judge made a proper certificate to the shorthand notes, but said reporter's notes do not appear to have been certified by him, nor does he certify to what is claimed to be a transcript or extension of said notes into longhand.   The notes appear to have been filed in time.   What is claimed to be a transcript or translation of said notes into longhand, though not certified to by the reporter, was filed within the time required.   The trial judge, within the time required, makes a proper certificate to all of the evidence.   The case then presents this question:   Can an equity case, triable *de novo* in this court, be so tried when the official shorthand reporter's notes have never been certified by him, and when he has never certified to the translation of said notes?   Appellant's contention is that the certificate of the judge is all that is required.   The statutes bearing upon the question are as follows:   "But in equitable actions, wherein issue of fact is joined, all the evidence offered in the trial shall be taken down in writing or the court may order the evidence, or any part thereof, to be taken in the form

of depositions, or either party may, at pleasure, take his testimony, or any part thereof, by deposition. All the evidence so taken shall be certified by the judge at any time within the time allowed for the appeal of said cause, and be made a part of the record, and go on appeal to the supreme court, which shall try the case anew." Code 1873, section 2742. In section 3777 of the Code of 1873, relating to shorthand reporters, it is provided that "the original notes of any testimony taken in any case shall be filed in the office of the clerk of the court, and become a part of the record in said case, * * * and said original notes, or the transcript thereof, or any part thereof, may be referred to in any bill of exceptions, and when duly transcribed and certified, shall be inserted therein on appeal. * * *" Under section 2742 of the Code of 1873 it has been held that the shorthand notes do not constitute written evidence. *Godfrey v. McKean*, 54 Iowa, 127. And we have said that, if such shorthand notes are afterwards transcribed by the shorthand reporter into longhand, and certified to by him, and filed, such transcript will be deemed written evidence; and we adhere to this holding. *Ross v. Loomis*, 64 Iowa, 432. In *Richards v. Lounesbury*, 65 Iowa, 587, the judge alone certified the shorthand notes. Neither court, judge, nor reporter certified to the translation of the notes, and it was held that the cause could not be tried *de novo* in this court. In that case it is said: "Surely, the reporter, who probably alone can correctly read the notes, ought to certify to the translation; and the certificate of the judge, who cannot read them, ought not to be regarded as alone sufficient. * * * It is plain that the certificate of the judge, who cannot read the notes, cannot give them the character of written evidence in the case. Evidence taken in shorthand can only become the written evidence when translated, and the translation is certified

to by the reporter." In *Merrill v. Bowe,* 69 Iowa, 654, the judge alone certified to the shorthand notes, which were filed in time. After the lapse of more than six months, the reporter certified to his translation of the notes, which was filed over eleven months after the entry of the decree. It was held that the evidence had not been properly certified in time. It will be observed that the facts in the case at bar are different. In this case the reporter never certified to his notes, or to the translation of them; and under the holding of the cases cited the mere certificate of the judge to the notes would not be sufficient, as the notes do not become written evidence until translated, and the translation is certified by the reporter. Now, the statute provides for certification to evidence in equitable actions by the judge, and says when it is so certified it shall, on appeal, go to this court, which shall try the case anew. It seems to us, in such cases, the law makes the trial judge the party who must finally determine what the evidence is in a case tried before him, and that whether the notes and the translation of them be certified by the reporter is quite immaterial, except as such certified notes or translation may aid the judge in determining as to what the evidence offered was. Suppose an equitable cause is tried, as it may be, without the aid of a reporter, manifestly, in such a case, the judge alone certifies to the evidence. Suppose an equitable cause is tried on oral evidence taken by a shorthand reporter, and he transcribes his notes into longhand, and certifies to both the notes and the translation, and a controversy should arise as to whether certain of the evidence thus taken had been correctly taken and translated, who would determine the controversy? Say that in such a case, by a proper proceeding by motion, it was sought to correct the notes and the translation, who would be empowered to say whether or not the correction sought

was proper, and should be made? Clearly, in such a case, the trial judge, who heard the evidence, must determine what it in fact was. While it is desirable that the reporter should certify to his notes, as well as to the translation of them, to the end that the same may be given whatever force and effect such certificate may add thereto, and to the end that the judge who tried the case may be thus officially assured that the notes or translation presented to him for his certificate are genuine and correct, still no certificate of a shorthand reporter to the notes, or to the translation, or to both notes and translation, can relieve the judge who tried the case from the duty of finally deciding what the evidence offered on the trial was, and certifying it as such. He may refresh his recollection from the notes, if he can read them, or from the translation of them, in determining what the evidence offered was; but he is not obliged to certify that the notes, or a transcript of them, as presented to him, in fact correctly set forth the evidence actually offered upon the trial. Being vested by the statute with the authority to certify the evidence, he may use the notes, if he can, and the translation of them, and any other means he may have of determining what evidence was offered upon the trial. Without desiring to pass upon questions not before us, it is proper to say that, in case the trial judge is in doubt as to the correctness of the shorthand notes, or as to the translation of them, or in case he is satisfied said notes, or the translation of them, or both, are not correct, he should, before certifying to either, notify counsel, so that the record in that respect may be corrected by proper proceedings, if found necessary, before his certificate is made. Some language used in *Merrill v. Bowe* and *Richards v. Lounsberry, supra,* may seem to be in conflict with what we have said, and with our holding in the case at bar. Some of us think, when the

facts of these cases are considered, there is no conflict between the rules therein stated and what we have said in this case. Others of us think that there are statements in said cases which are not reconcilable with what we have said in the case at bar. We are united, however, in holding that, as the evidence in this case was certified by the judge, and filed in time, it is properly before us; and the motion to strike is overruled.

II. The appellee has not argued the case upon the merits, but relied upon the claim that the evidence was not made of record. We have held that the evidence is properly before us. We shall not enter into a discussion of the evidence. After carefully considering all of it, we are satisfied that the decree below should be reversed. The evidence shows that before this defendant, or those acting for it, purchased the property of the Central Company, they insisted that the claim involved in this action should be settled. The claim was then the property of Dietz & Dietz, a firm of which this plaintiff was a member. Plaintiff authorized the other member of the firm to make a settlement of the claim, and to take stock in the new company for it; and this he did, and thus satisfied in full the obligation. The property of the old company was all turned over to the new company. The new company never became in any way liable for this debt. The claim itself, as we have said, was, with plaintiff's consent, adjusted and settled, and he has neither a legal nor moral right to recover. The decree below is REVERSED.