In re Estate of Elisha Tobey.

**Bill of Exceptions by Shorthand Report:**    TIMELY CERTIFYING OF
REPORT:  *Practice on Appeal.*  Code, section 3749, provides that a bill of exceptions shall be filed within thirty days after the final determination of the case, or within a reasonable time thereafter, to be fixed by the court, not to exceed ninety days therefrom.  Section 3675, provides that a full shorthand report of proceedings, when certified by the judge and reporter, and filed with the clerk, shall be a complete bill of exceptions. *Held,* that where an order of distribution of a testator's estate was made November 25, 1898, and shorthand notes, though filed at the time of the trial, were not transcribed or certified until May 8, 1899, a motion to strike out the evidence should be sustained.

*Appeal from Blackhawk District Court.*—Hon. Franklin C. Platt, Judge.

SATURDAY, DECEMBER 22, 1900.

ELISHA TOBEY died in 1896. On June 16, 1898, the executors filed a petition averring, among other things, certain loans and advancements to his children, and prayed for an appropriate order for the distribution of the funds then on hand. An order was entered that $1,000 had by T. P. Tobey be treated as an advancement, and $350 loaned F. J. Tobey as a part of the assets of the estate, and they appeal. —*Affirmed.*

*John M. Hemingway* for appellants.

*Alfred Grundy* for appellees.

LADD, J.—The report of the proceedings, as taken down in shorthand, was filed at the time of the trial, October 8, 1898, but not certified by the stenographer or judge, nor a transcript thereof filed, until May 8, 1899. As the case terminated with the order of distribution, November 25, 1898, this was after a bill of exceptions might have been filed. The report of proceedings, taken down, certified, and filed in accordance with the provisions of section 3675 of the Code, is by it declared to "constitute a complete bill of exceptions." That section works little change in the law as it formerly stood, beyond enlarging what shall be included in the report, and making it mandatory upon the demand of either party. *Bunyan v. Loftus,* 90 Iowa, 122; *State v. Welsh,* 100 Iowa, 19.

The shorthand report is a substitute for the ordinary bill of exceptions, and section 3749 no more than declares that, when this is duly certified and on file, the formal bill shall not be required. But the law exacts, in the one way or the other, the perfection of the record within the time limited, and either the bill of exceptions or the report contemplated in section 3675 must then be on file in order to preserve the

evidence as a part of the record. That proceedings in probate are ordinary, as distinguished from equitable, is not an open question. It follows that the motion to strike the evidence was rightly sustained at the May term, and, as the exceptions argued depend thereon, the order must stand AFFIRMED.