M. DWYER v. M. J. ROCK, D. P. THOMAS, JAMES KEEGAN,

J. G. LORTZ, *et al.*, Appellants.

**Review De Novo:** PRESERVATION OF EVIDENCE.   Notwithstanding the enactment of Code, section 3675, declaring that in all appealable actions the parties are entitled to have the whole proceedings reported the following things are still essential to a review *de novo*:   The evidence must be taken in writing or it may be taken in shorthand provided that the notes or their translation be certified by the trial judge; in either case, the translation, certified to either by judge or reporter, and showing a certification of the notes by the judge, must be filed within the time allowed for appeal.

*Appeal from Iowa District Court.*—HON. M. J. WADE, Judge.

THURSDAY, OCTOBER 10, 1901.

ACTION to foreclose a mortgage, executed by defendant Rock.   The other defendants were made parties, for the purpose of having their interests declared inferior to the claim of plaintiff.   Coakley and other defendants and intervenors filed a cross petition against Thomas, Lortz, and Keegan, alleging that a pretended mortgage, originally executed by the defendant Rock to the Farmers' Loan & Trust Company,

and by it assigned to Thomas, and by Thomas to Lortz and
Keegan, was executed in fraud of said Coakley and other
creditors of said Rock, and was without consideration, and
that said Thomas, Lortz, and Keegan took the same by trans-
fer without consideration, and with knowledge of its fraud-
ulent character. With reference to the issues raised on this
cross petition, the lower court found that Lortz and Keegan
held the Farmers' Loan & Trust Company mortgage subject
to the claims of Coakley and other defendants, and inter-
veners. Thomas, Lortz, and Keegan appeal.—*Affirmed.*

*C. C. Cole* and *Thomas & Thomas* for appellants.

*Thos. Stapleton, R. W. Pugh,* and *J. M. Dower* for
appellee.

McClain, J.—There are motions submitted with the
case to dismiss the appeal, on the ground that the appeal was
not perfected within six months after the rendition of the de-
cree, and to strike the evidence from the record for the rea-
son that the translation of the shorthand notes was not certi-
fied by the judge and the reporter, and a transcript thereof
filed within six months after the decree, as required by Code,
section 3652. Our ruling on the latter of these motions will
dispose of the case. The transcript of the reporter's notes
was not filed until more than six months from the rendition
and entry of the final decree.

It is well settled that under the statutory provisions in
force prior to the adoption of the present Code, this court
could not try an equity case *de novo* which had been tried in
the lower court on oral evidence, unless the evidence was
taken down in writing, and certified by the judge within six
months after the decree. While a taking down of the evi-
dence in shorthand was recognized as proper, it was required
that either the translation of the shorthand notes or the notes
themselves be certified by the judge, and in either case the
translation, either certified by the judge or by the reporter,

showing the certification of the notes by the judge, must be filed within the six months. *Ross v. Loomis,* 64 Iowa, 432; *Merrill v. Bowe,* 69 Iowa, 653; *Wise v. Usry,* 72 Iowa, 74; *Arts v. Culbertson,* 73 Iowa, 13; *Kavaleir v. Machula,* 77 Iowa, 121; *Calef v. Cole,* 93 Iowa, 679; *Smith v. Wellslager,* 105 Iowa, 140. Section 3652 of the present Code has not changed the law in this respect. Counsel contend, however, that by Code, section 3675, which provides for the taking down in shorthand of the proceedings on the trial in both ordinary and equity cases, a change has been made in the law, and that under this section it is enough to warrant a trial *de novo* if the evidence is thus taken down, without regard to the time when it is transcribed and certified. We find, however, nothing in the language of this section to change the rule as to the preservation of the evidence in order to secure a trial *de novo.* That matter is still regulated by the provisions of Code, section 3652. We are not concerned now with the effect of the taking down of the evidence in shorthand as a substitute for the bill of exceptions, as to which see *State v. Welsh,* 109 Iowa, 19; *In re Tobey's Estate,* 112 Iowa, 581. A bill of exceptions would not help the appellant in this case, which comes to us without assignment of errors and for trial *de novo,* if it is to be considered on this appeal in any form. The evidence not having been preserved in the manner required, the judgment must be AFFIRMED.