STATE OF IOWA v. I. H. TOMLINSON and JOHN R. PRICE, Appellants.

**Disbarment proceedings:** PRESERVATION OF EVIDENCE. A defendant in disbarment proceedings who has been acquitted cannot have the evidence extended into long hand at the expense of the country and preserved in that form for future reference, as Code, Section 327, contemplates the preservation of evidence for the purpose of appeal only.

*Appeal from Monroe District Court.*— HON. C. W. VERMILLION, Judge.

TUESDAY, OCTOBER 16, 1906.

*Leggett & McKemey* and *Mitchell, Tomlinson & Price,* for appellants.

*D. M. Anderson, Ralph T. Mason,* and *W. E. Giltner,* for appellees.

Ladd, J.— Each of defendants was accused of unprofessional conduct, and because thereof the revocation of his license to practice as an attorney at law prayed. By agreement the cases were heard together, and both were found not guilty, and the proceedings dismissed. Thereupon they demanded that "the shorthand report of the testimony in the case be extended at the expense of the county, and be filed and preserved." The court declined to enter such an order, and they appealed.

The ruling was right. Appellants rely on section 327 of the Code, providing that all issues joined on the accusation shall "be tried by the court; all the evidence being reduced to writing, filed, and preserved." The sole object of this provision is to enable the accused, if found guilty, to appeal. This appears from section 329, requiring that, in event of an appeal, all original papers, together with the transcript of record, be transferred to the Supreme Court. The statute is somewhat analogous with that providing that in equitable actions "all the evidence offered in the trial shall be taken down in writing" (section 3652, Code), but more like that requiring that, where contempts are "founded on evidence given by others, such evidence must be in writing and filed and preserved" (section 4466, Code). These sections are complied with if the oral testimony is taken down in shorthand, duly certified, and filed at the time judgment is entered. *Ross v. Loomis,* 64 Iowa, 432; *Goetz v. Stutsman,* 73 Iowa, 693. The same rule obtains in disbarment proceedings. *State v. Mosher,* 128 Iowa, 82. The evidence becomes written when these notes are transcribed and filed within proper time. If the accused is acquitted in proceedings for contempt, there is no occasion for completing the record, save for the purposes of review. Neither is there, if acquitted in disbarment proceedings. In the latter the judgment is final, and there can be no review. But counsel argue that the evidence is required to be in writing and preserved for another purpose; i. e., that of enabling any one

to refer to the testimony at any future time.    There is no more occasion for rendering the evidence accessible in this class of cases than in others of equal importance, and we are of the opinion that it was not the intention of the lawmakers that the evidence be preserved, save for the purposes of appeal.— *Affirmed.*