JOHN ROSENCRANS, Appellant, v. W. WOODBRIDGE, Appellee.

**APPEAL AND ERROR:** Denial of Abstract—Transcript of Evidence —Degree of Certainty Required. A transcript of the evidence must be sufficiently comprehensive to enable the court to say definitely whether the abstracted testimony was before the court when the ruling complained of was made. Self-evident and indefinite omissions of evidence and lack of certainty as to what proceedings were had are here held to render the transcript ineffective.

PRINCIPLE APPLIED: The lower court dismissed plaintiff's claim for damages to a horse. On appeal, plaintiff abstracted certain testimony. Appellee specifically denied that any such testimony existed. Appellant filed a transcript of portions of the evidence of each witness. What was omitted was indefinite. Whether there were motions to strike out or otherwise affecting such evidence was not shown. Whether such evidence as there may have been was not obviated by other evidence adduced on cross-examination was not shown.

**APPEAL AND ERROR:** Report of Trial—Certification—Requirements. The statute (Sec. 3675, Code 1897) requires both judge and reporter to certify to the report of the proceedings of the trial, and this requirement is not complied with by a certificate signed by one of them asserting that the other has done so.

*Appeal from Linn District Court.*—HON. W. N. TREICHLER, Judge.

THURSDAY, JUNE 24, 1915.

ACTION to recover damages alleged to have been suffered by plaintiff from a collision with an automobile, and the value of a horse alleged to have been killed thereby, resulted in a verdict allowing damages for personal injuries, but the withdrawal from the jury of the claim for the value of the horse. Judgment was entered thereon, and the plaintiff appeals.—*Affirmed.*

*L. M. Kratz,* for appellant.

*Voris & Haas,* for appellee.

LADD, J.—Appellee denied that there was any testimony in the record, as set out on certain pages of the abstract, being that of plaintiff and his two sons, relating to the injury to and

1. APPEAL AND ERROR: denial of abstract: transcript of evidence: degree of certainty required.

value of the horse. In the absence of such testimony so denied, the ruling of the trial court, in withdrawing the claim for damages to the horse, must be approved. To sustain the abstract, appellant filed a transcript of portions of the evidence, to which was attached the official reporter's certificate that he reported the proceedings in shorthand, "that the shorthand notes so taken upon said trial were duly certified by the judge presiding at said trial and by me as the official reporter, and that they were duly filed with the clerk of such court and made a part of the record of said case. . . . That at the request of counsel for the plaintiff in said cause I transcribed or translated into longhand portions of such shorthand notes taken upon said trial, and that the transcript or translation to which this certificate is attached is a correct and true transcript or translation of such portions of the shorthand notes of said trial so taken by me upon the trial aforesaid."

No other certificate is attached thereto, and we are of the opinion that this is insufficient, for that (1) the proceedings were not so certified to as to constitute a proper bill of exceptions; and (2), even were the certificates sufficient, not

enough of the record is presented to enable the court to say whether the evidence abstracted was before the court at the time of the ruling. The transcript itself discloses the omissions of portions of the evidence of each witness, and there is nothing to indicate how much was omitted, whether there were motions to strike out or otherwise affecting such evidence and rulings thereon, nor the nature of said motions or rulings, or whether such evidence as there may have been was not obviated by other evidence adduced on the cross-examination of the witnesses. This being so, it is impossible to say whether the evidence, such as abstracted, was before the court when the motion to withdraw the claim for the value of the horse was ruled on.

Again, Sec. 3675 of the Code provides that "such report shall be certified by the trial judge and reporter, when demanded by either party, to the effect that it contains a full, true and complete report of all proceedings had that are required to be kept, and, when so certified, the same shall be filed by the clerk and, with all matters set out or identified therein, shall be a part of the record in such action, and constitute a complete bill of exceptions." There is nothing in the statutes conferring authority upon the reporter to certify to the filing of a record or paper with the clerk, nor is he authorized to certify to the certification by a judge or to the sufficiency of any certificate as that it was "duly certified by the judge presiding at the trial." The statute requires both judge and reporter to certify to the report, and this requirement is not complied with by a certificate signed by one of them and asserting that the other has done so. The usual practice is for the judge to certify to the transcript, and formerly this was held sufficient without the signature of the reporter. *Dietz v. Capital City Brick & Pipe Co.*, 103 Iowa 542. And it is now settled that the transcript is sufficiently certified if the reporter copy therein, and in connection with the translation of his notes, a true and cor-

2. APPEAL AND ERROR: report of trial: certification: requirements.

rect copy of the judge's and reporter's certificate attached to the shorthand notes in the form exacted by Sec. 3675. *Steele Smith Grocery Co. v. Potthast,* 109 Iowa 413; *Fordyce v. Humphrey,* 152 Iowa 76. But the certificate of the trial judge cannot be supplied by the assertion of the reporter that such a certificate is in existence. Had the clerk of the district court certified to the existence of such a certificate,· a different question would be presented. In either event, however, it would seem that the certificate or copy thereof should be before the court, to the end that it may determine for itself whether made in compliance with the above cited section, and such as to indicate that the transcript necessarily contains the evidence on the subject under investigation. In view of the denial of the abstract, and the appellant's failure to support the same by a sufficient certification of the record, as exacted by the rules, we necessarily conclude that the record before us is not such as to enable us to review the question presented on this appeal. For this reason, the judgment of the district court must be and it is *Affirmed.*

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.