Bryant & Co. v. Fink.

BRYANT & Co. v. FINK *et al.*

KRAUS V. THE SAME.

1. **Appeal**: PRACTICE : TRIAL DE NOVO : KIND OF ACTION. Where it
appears from the record that in the trial below both the parties and
the court regarded the action as an equitable one, and that it was
tried upon that theory, it will be so regarded and tried in this
court.

2. **Fraudulent Conveyance**: BY CHATTEL MORTGAGE: WHAT IS :
EVIDENCE. A chattel mortgage given to indemnify a surety on a
bond is based upon a valid consideration ; but where it is also the
purpose of the parties thereby to delay and hinder the creditors of
the mortgagor, the mortgage is fraudulent as to such creditors. And
in this case, where it appeared that the execution of the mortgage
was, on the part of the mortgagor, only one of a series of transac-
tions designed to delay and hinder his creditors, and force them to
a compromise, and that the mortgagee, a few days after its execu-
tion, was engaged in aiding him in his fraudulent enterprise, and
made no attempt to explain his conduct in that regard when he
had the opportunity, *held* that he was properly chargeable with a
participation in the fraudulent purpose when he accepted the
mortgage.

3. ———: ATTACHING CREDITORS : AGREEMENT : JUDGMENT. In a con-
test for priority between a chattel mortgagee and attaching creditors,
in which the mortgage was assailed as fraudulent, the mortgagee
agreed to the appointment of a receiver upon the condition that
the receiver should pay him the amount of one of the notes secured
by his mortgage ; and this was done accordingly. The court found
that none of the notes was based on a good consideration.   It was
*held*, however, that, since one of the notes was paid under said
agreement, by which the other creditors obtained an advantage,
the mortgagee was entitled to hold the money so paid, and that the
judgment should so provide.

*Appeal from Cedar District Court.*—HON. J. H.
PRESTON, Judge.

FILED, OCTOBER 16, 1888.

ON the seventh day of February, 1887, defendant
Fink executed to intervenor Shawver a chattel mortgage

covering a stock of merchandise in a building then occupied by him as a general store ; also the furniture and fixtures therein, and all book-accounts and notes pertaining to the business, to secure two promissory notes, one for five hundred and twenty dollars, and the other for nine hundred dollars, due, respectively, in sixty days and six months from that date.   On the tenth of the same month he executed two additional mortgages, covering the same property, one of which was to the George Hamner Mercantile Company, securing a promissory note for eight hundred and sixty-one dollars ; and the other to Cook & Augsberry, securing a note for $344.14.   On the ninth of February the plaintiffs Seth P. Bryant & Co. and Robert Kraus each instituted a suit on a money demand against said Fink, in which writs of attachment were issued, which were on the same day levied on the merchandise in the store. On the twelfth, Shawver brought an action for the recovery of the attached property against the sheriff, and it was delivered to him on the order issued in that action ; and he subsequently commenced proceedings to foreclose his mortgage by notice and sale, but afterwards abandoned that proceeding, and intervened in the attachment proceedings, claiming the property under his mortgage. The other mortgagees also intervened, claiming under their mortgages.   J. K. Sweeney & Co. also intervened, claiming an interest under a garnishment of Shawver while he had the property in possession on execution against Fink ; but as to their action no question arises on this appeal.

By agreement of the parties, a receiver was appointed by the court, who took charge of the property, and sold it, and out of the proceeds paid to Shawver the amount of the five hundred and twenty dollar note secured by his mortgage ; such payment being made in accordance with the agreement under which the receiver was appointed.   In his petition of intervention Shawver alleged that the object of the mortgage, so far as the nine hundred dollar note was concerned, was to indemnify him and others against their liability as sureties on the

official bond of Fink, as treasurer of a district township; and that, upon a settlement had subsequent to the execution of the mortgage between him and the board of directors of the district, he was found to be a defaulter in the sum of $1,002.51, which the sureties had been compelled to pay. Plaintiffs and the interveriors, except Sweeney & Co., alleged that the mortgage was given without consideration, and for the fraudulent purpose of hindering, delaying and defrauding the creditors of Fink. Other issues were presented by the pleadings, but no questions as to them arose upon the trial. Shawver, the Hamner Mercantile Company, and Cook and Augsberry each prayed for the foreclosure of his mortgage. The cause was tried to the court, who found that the Shawver mortgage was without consideration, and was fraudulent, and entered judgment directing that the funds in the hands of the receiver be applied in satisfaction of the claims of the other parties in the order of priority, as determined by the judgment. Shawver alone appeals.

*W. G. W. Geiger*, for appellant.

*John M. Helmick, George W. Ball, Mills & Keeler* and *Nathaniel French*, for appellees.

REED, J.—I. A question arises as to the manner of the trial in this court. Appellees contended that the cause should be regarded as an ordinary

1. APPEAL: practice: trial de novo: kind of action.

action, and be governed as to the trial by the rules applicable to that class of cases; while appellant claimed that the proceeding is in the nature of an action in equity, and is triable *de novo*. We find it unnecessary to determine to which class of actions the proceedings properly belonged originally; for we are satisfied by the record that in the trial below both the parties and the court regarded it as an equitable action, and it was tried upon that theory, and it will be so regarded here.

II. As stated above, the mortgage to appellant, by its terms, is security for two promissory notes. The

question whether it is competent to show by parol what its real object was, as alleged by appellant in his petition of intervention, was elaborately and ably argued by counsel for the respective parties. But, in the view we have taken of the case, it is not necessary to determine that question. For the purposes of the case, it is admitted that the evidence is competent; and we have considered it in reaching our conclusion; and it shows without doubt that at the time the mortgage was executed Fink was not indebted to Shawver in the amount of the nine hundred dollar note, but that one purpose which the parties had in view was to indemnify Shawver and the other sureties on Fink's official bond against their liability thereon.

III. We find that the mortgage was in fact fraudulent. As we regard the case as triable anew in this court, we of course give no weight whatever to the findings of fact by the lower court, but reach our conclusion upon an examination of the evidence, and a consideration of the circumstances which we find established by it. The five hundred and twenty dollar note was given for money borrowed from a bank for the purpose of satisfying a previous mortgage on the property, which was about to be foreclosed. Both Fink and Shawver signed a note to the bank for the money; but it does not clearly appear which was the principal and which the surety in that transaction. Nor is that material. It will be conceded that Shawver had the right to seek indemnity against his liability on the bond; and if it was necessary, as it appears to have been, to discharge the prior mortgage in order to secure such indemnity, he also had the right to do that, or assist in · doing it, and obtain security for the money advanced, or indemnity against the liability incurred in accomplishing that result. All that he did in the premises then would have been legitimate, if his sole object had been to thereby secure or indemnify himself. And in that case it would have made no difference that he knew that Fink was insolvent, and a defaulter, and

2. FRAUDULENT conveyance: by chattel mortgage: what is: evidence.

that the effect of the mortgage would be to postpone the other creditors, or defeat the collection of their debts. But, on the other hand, if Fink intended by the transaction to hinder, delay or defraud his other creditors, and Shawver knew of that fact, and accepted the mortgage with the view of aiding in the accomplishment of that purpose, he will not be permitted, as against the other creditors, to retain the fruits of the enterprise, even though one of the objects he had in view was to obtain security for himself.

Now, the evidence shows conclusively that the execution of the mortgage was but one of a series of acts by which Fink intended to delay certain of his other creditors in the collection of their debts, and compel them to compromise with him, and accept a small fraction of the amount due them in full satisfaction of their claims. That such intention was fraudulent will not be denied; or that it will defeat the mortgage, if Shawver participated in it, is equally clear. If the case rested alone on the circumstances immediately attending the execution of the mortgage, it could hardly be said that they afford evidence of a fraudulent intent by appellant. But his conduct and actions, subsequent to that, show that he was then consciously lending his aid in furtherance of Fink's fraudulent design. That this subsequent conduct would not of itself defeat the mortgage is certainly true. But, unexplained, it affords evidence of the purposes he had in view when he accepted the mortgage, and he made no attempt to explain it. When conduct which is apparently suspicious or dishonorable is the subject of investigation, and the actor has an opportunity to explain it, and an interest in doing so, yet fails or refuses, it is but reasonable that the worst construction should be put upon it. The fair inference is that it is incapable of any explanation consistent with honesty and fair dealing. Two days after appellant received the mortgage, he aided in deceiving and misleading another creditor, when Fink's only object in the transaction was to gain time, and thereby be enabled to accomplish his purpose of compelling a compromise.

Bryant & Co. v. Fink.

That appellant knew of that design at that time can hardly be doubted ; at least, he has not deigned to deny that he knew it and we are led to believe by that circumstance, and his failure to attempt any explanation of it, not only that he intended then to aid in the consummation of the fraudulent purpose, but that such was his intention from the beginning.

IV.  The court found that the mortgage was not only fraudulent, but that the notes for the security of which it was given did not evidence any existing debt from Fink to appellant, and the judgment was based upon that finding. If not settled by the judgment, a question might possibly arise between the parties with reference to the money paid appellant by the receiver.   Under the pleading, appellant is entitled to have the question of his right to that amount determined by the decree.   As stated above, the money was paid to him in accordance with the agreement under which the receiver was appointed. As by that agreement the other parties secured whatever advantage arose from the early sale of the property, they cannot now question appellant's right to the money which was paid to him under it ; and a provision establishing his right to it, as against them, should be added to the judgment.   With that modification, the judgment will be affirmed.   One-fourth of the costs in this court will be taxed to appellee, and the remainder to appellant.

3. ——: attaching creditors: agreement: judgment.

MODIFIED AND AFFIRMED