## KAVALIER *et al.* v. MACHULA *et al.*

1. **Appeal**: TRIAL DE NOVO : TRANSLATION OF EVIDENCE FILED TOO LATE. Section 2742 of the Code requires the translation of the short-hand reporter's notes of evidence in an equity case not only to be certified by the trial judge, but also to be filed in the office of the clerk of the trial court, within the time allowed for taking an appeal, in order to entitle appellant to a trial *de novo* in this court. (*Arts v. Culbertson*, 73 Iowa, 14, *followed*, and *Runge v. Hahn*, 75 Iowa, 733, *distinguished*.)

2. **Pleading**: COUNTER-CLAIM : WHAT IS NOT. It is the opinion of this court that the affirmative matter pleaded in the answer in this case (see opinion) was designed to show a defense to plaintiffs' claims rather than to lay the foundation for affirmative relief, and that the case was tried in the district court on that theory, and that a decree in favor of the defendants on the allegations of the petition would have given them all the relief they could have obtained on the averments of their answer. It is therefore *held* that they were not entitled to affirmative relief on their answer, on the ground that it amounted to a counter-claim, and that no reply was filed thereto.

3. **Parties**: MINORITY : PRESUMPTION AGAINST. In the absence of any averments in the pleadings, and of any competent proofs in the record, that one of the defendants is a minor, this court must presume that she is of age, and competent to make her own defense.

*Appeal from Tama District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, FEBRUARY 1, 1889.

THIS is an action in equity, brought for the cancellation of an agreement in regard to real estate, to quiet title, and for an accounting. A decree was rendered in favor of the plaintiffs. Defendants appeal.

*Rickel & Crocker*, for appellants.

*Caldwell & Drahos* and *Struble & Stiger*, for appellees.

ROBINSON, J.—The petition alleges that in the year 1867 the plaintiff, Joseph Kavalier, purchased the one hundred and twenty acres of land therein described; that he paid down one-fourth of the purchase price, and gave his note for the remainder; that thereafter the plaintiffs, who were then, and are now, husband and wife, improved said land, erected thereon a dwelling-house, and made it their homestead; that, while it was their homestead, the plaintiff, Joseph Kavalier, alone, made an oral agreement with his son Joseph, whereby the latter was to become the owner of the land, upon condition that he should improve all of it not then improved, and pay the unpaid portion of the purchase price, and deliver to his father one-fourth of all crops raised thereon during the lifetime of the father, and also allow him to retain thereon two cows, and occupy two rooms in the house; and that, in case the wife of the father should survive him, she was to succeed to his right to a share of the crops and other privileges named. The petition further states that in 1875 the son died, and left surviving him the defendant Kate—who afterwards married her co-defendant, John Machula—and two children, of whom defendant Julia only is now living; that since the death of the son Joseph the covenants to be kept by him have not been performed by any one; that defendants have abandoned the premises; that the son failed to pay the balance of the purchase price, and that the same was paid by his father; that in the fall of 1875 the father brought suit against the administrator of the estate of his son, the defendant Kate, and her children, to recover the portion of the purchase price which the son had neglected to pay, and for a specific performance of the oral agreement with the son; that in said suit the father recovered judgment for said portions of the purchase price, with interest, and obtained a decree for specific performance of said agreement; that the premises were sold to satisfy the judgment, and that redemption was afterwards made from said sale by the payment to the proper clerk of $521.50, which still

remains in his hands; that, notwithstanding the facts aforesaid, defendants have neglected and refused to perform said agreement, and comply with the decree of court. The plaintiffs tender to defendants so much of the redemption money in the hands of the clerk as they shall be found entitled to receive, and ask that the oral agreement between the father and son be annulled; that plaintiff, Joseph Kavalier, be decreed to be the owner of the premises in fee simple; and that his title be quieted as against defendants, and that an accounting be had, and that general equitable relief be given. The answer denies that the plaintiff Joseph, purchased the land, and alleges that it was purchased by Joseph, the son, and denies most of the allegations of the petition. In a portion of the answer entitled "Second Division," the defendants set out substantially the oral agreement pleaded by plaintiff, and allege that after the death of Joseph, Jr., the plaintiff Joseph and defendant Kate, with the knowledge and consent of the wife of the father, entered into an agreement in writing, whereby defendant Kate was to succeed to the rights and obligations of her deceased husband, under the said oral agreement; that under said written agreement defendant Kate remained upon said premises, and performed her obligations thereunder, until April, 1876, when she was driven away by plaintiffs, and prevented from fulfilling on her part the conditions of her said agreement. The defendants ask that this agreement be established; that the land be declared to be the property of defendants Kate and Julia at the death of plaintiffs; and for general equitable relief. By an amendment to their answer defendants allege that, ever since the entry of the judgment and decree referred to in the petition, plaintiffs have occupied the premises in controversy, and enjoyed all the rents and profits arising therefrom, amounting, in the aggregate, to much more in value than one-fourth of the crops which might have been raised thereon; that after the decree was rendered, and the premises were sold, defendants redeemed from the sale; and that plaintiffs are now estopped from claiming a forfeiture,

or asking a rescission of the agreement. The court found plaintiffs entitled to the special relief demanded, and rendered a decree accordingly, and awarded to defendants the redemption money in the hands of the clerk.

I. The abstract of appellants, and the additional abstract of appellees, show that the case was submitted on the twenty-eighth day of October, 1887, and by consent taken under advisement by the court, to be decided in vacation; that the decree was made of record on the eighth day of February, 1888; that the short-hand reporter's notes of the trial were filed in the proper office on the twenty-eighth day of October, 1887, but were not certified by the short-hand reporter, nor by the judge before whom the cause was tried; that the translation of the short-hand reporter's notes was certified by the judge on the twenty-first day of May, 1888, but was not filed in the office of the clerk of the court until the twenty-first day of August, 1888. No errors have been assigned by appellant, and this case is only triable by this court *de novo*, if it can be here tried. Appellees object to a consideration of the evidence on the ground that it was not made a part of the record, as required by law. Section 2742 of the Code requires that in equitable actions, wherein issue of fact is joined, all the evidence offered in the trial "shall be certified by the judge at any time within the time allowed for the appeal of said cause, and be made a part of the record, and go on appeal to the supreme court, which shall try the cause anew." It has been held that this provision requires that the translation of the short-hand reporter's notes be filed within six months from the rendition of the decree. *Arts v. Culbertson*, 73 Iowa, 14. Appellants contend that the time of filing is immaterial. It is true that some of the language used in the opinion in *Runge v. Hahn*, 75 Iowa, 733, relied upon by appellants, considered apart from the facts in that case, seems to sustain their position. But it will be observed that the time of filing the certified translation of the short-hand

*Marginal note:* 1. APPEAL: trial de novo: translation of evidence filed too late.

Kavalier v. Machula.

reporter's notes was not involved in that case, nor was it considered by the court. The question decided was the sufficiency of the judge's certificate to identify the evidence offered, and it was said to be the object of the statute to secure the identification of the items of evidence offered by the trial judge. No purpose to overrule any decision of this court was indicated. The provisions of section 2742, quoted, that the evidence offered "shall be certified by the judge, * * * and be made a part of the record," shows clearly that the certification of itself does not make the evidence a part of the record. It is well known that in ordinary practice the person who desires to use the translation procures it and presents it to the judge for certification. When certified, it is usually returned to the person who presented it, and in that case remains his property until he files it in the proper office. Until it is so filed, no one but himself has any right to possess or control it. Should he decide to withhold it from the record, no one would have any just ground for complaint. Of course, what we have said in regard to this does not apply to documents or other property which belong to another person, or which have become so far a part of the record that they cannot be withdrawn without an order of the court. We conclude that the translation and certificate in question were not filed within the time required by statute, and that the evidence which it was intended to identify thereby must be disregarded.

II. No reply to the answer was filed. It is contended by appellants that their answer contains a counter-claim, and that they are entitled to judgment thereon by reason of the failure of plaintiffs to plead thereto. We are satisfied that the answer was not drawn, and that the case was not tried in the district court, upon that theory. The affirmative matter pleaded in the answer was designed to show a defense to plaintiff's claims, rather than to lay the foundation for affirmative relief. A decree in favor of defendants, on the allegations of the petition, would have given them all the relief which they could have

2. PLEADING: counter-claim: what is not.

obtained on the averments of their answer. *Walker v. Sioux City and I. F. Town Lot and Land Co.*, 66 Iowa 752. Therefore, they are not entitled to any relief on the pleadings.

III. Appellants insist that no relief should be granted as against defendant Julia Kavalier, for the alleged rea-

**3. PARTIES:
minority:
presumption
against.**

son that she is a minor, and has not made defense by guardian. We have examined the record, but fail to discover any averments in the pleadings or competent proofs in the record that she is a minor. We must therefore presume, for the purposes of this case, that she is of age and competent to make her own defense. The decree of the district court is

AFFIRMED.