Thomas v. McDaneld.

**3. PARTIES: minority: presumption against.**

---

## THOMAS v. McDANELD *et al.*

1. **Appeal: DENIAL OF ABSTRACT SERVED TOO LATE: CONSEQUENCES.** It is not the practice of this court to disregard an additional abstract because filed after the time fixed by section 19 of the rules of practice, though a case might arise in which such action would be justified. (Compare *Fowler v. Town of Strawberry Hill*, 74 Iowa, 645.) In this case, *held* that a denial of appellant's abstract, though served after the designated time, should be considered, since the final submission of the case does not seem to have been retarded by the delay.

2. ———: **TRIAL DE NOVO: TRANSLATION OF EVIDENCE FILED TOO LATE.** The translation of the short-hand reporter's notes of the evidence in this case not having been filed in the office of the clerk of the trial court within the time allowed for taking an appeal, such evidence cannot be considered here, and a trial *de novo* cannot, therefore, be had. (See first head-note to last preceding case.)

*Appeal from Linn District Court.* — HON. J. H. PRESTON, Judge.

FILED, FEBRUARY 2, 1889.

ACTION to set aside certain mortgages, and to subject real estate to the payment of a judgment. After the hearing in the district court judgment was rendered dismissing the petition of plaintiff, and awarding to defendants costs. Plaintiff appeals.

*Rickel & Crocker*, for appellant.

*Davis & Voris*, for appellees.

ROBINSON, J.—I. The abstract of appellant was served on the eighth day of September, 1888. On the fifth day of the next month the appellees served a denial of the correctness of appellant's abstract. Appellant objects to this denial on the ground that it was not served within ten days from the time when counsel for appellees received the abstract, as required by section 19 of the rules of practice of this court. It is not our practice to disregard an additional abstract filed after the time fixed by the rule, although a case might arise in which we would be justified in doing so. See *Fowler v. Town of Strawberry Hill*, 74 Iowa, 645. All the relief to which appellant is entitled in such cases can usually be given by taxing costs against appellee, or imposing other terms upon him. In this case the final submission in this court does not seem to have been retarded by the delay in serving the additional abstract, and it must be considered on its merits.

*1. APPEAL: denial of abstract served too late: consequences.*

II. The appellees deny that the evidence was made a part of the record, as required by law. It appears that the decree from which the appeal is taken was rendered on the sixteenth day of November, 1887, and that the evidence was certified by the trial judge on the fourteenth day of April, 1888. But it also appears that the translation of the short-hand reporter's notes, to which the certificate of the judge was attached, was not filed nor deposited for filing in the office of the clerk of the district court until the second day of October, 1888. It was not, therefore, filed within the time required by law, and must be disregarded. *Kavalier v. Machula, ante,* p. 121. Since this is an equitable action, and no errors are assigned, we cannot review the judgment of the district court. It is therefore.

*2. ——: trial de novo: translation of evidence filed too late.*

AFFIRMED.