## HAMMOND V. WOLF.

1. **Appeal**: RECORD : TIME OF FILING TRANSLATION OF SHORT-HAND NOTES : CASES AT LAW AND IN EQUITY. In order to entitle an appellant to a trial *de novo* in this court of an equitable action, the translation of the short-hand reporter's notes of the evidence must be filed in the court below within the time allowed by law for taking an appeal ; for otherwise the judge cannot certify the evidence within that time, as required by statute ; but in such cases no bill of exceptions is required. In cases triable by ordinary proceedings, however, in which a bill of exceptions is necessary to preserve exceptions which would not otherwise be a part of the record, in which bill the evidence, as represented by the short-hand reporter's notes on file, may be incorporated by reference thereto,— since the statute does not fix the time within which the translation shall be certified and filed, it is sufficient if it be done within such time as to permit the submission of the case in this court in the manner and within the time fixed by statutory and other rules applicable in such cases ; but it must be done before the clerk is required to prepare a transcript of the record for this court. (See opinion for statutes and cases cited.)

2. ——— : ——— : HOW MUCH EVIDENCE TO BE SET OUT. It is unnecessary and improper to set out in the abstract any more of the evidence than is necessary to a proper understanding of the questions raised on the appeal.

| | |
|---|---|
| 78 | 227 |
| 79 | 259 |
| 78 | 227 |
| 88 | 207 |
| 78 | 227 |
| 90 | 126 |
| 78 | 227 |
| 91 | 481 |
| 91 | 600 |
| 78 | 227 |
| 93 | 681 |
| 78 | 227 |
| 105 | 143 |
| 78 | 227 |
| 114 | 206 |
| 78 | 227 |
| 124 | 345 |
| 78 | 227 |
| 133 | 452 |
| 78 | 227 |
| 135 | 294 |

3. **Evidence:** AS TO GENUINENESS OF LOST SIGNATURE: COMPARISON BASED ON RECOLLECTION. Under section 3655 of the Code, providing that "evidence respecting handwriting may be given by comparison made by experts, or by the jury, with writings of the same person which are proved to be genuine," the opinion of a witness as to the genuineness of a disputed lost signature which he has seen, based upon a comparison of his recollection of it with a signature of the same person in evidence, and admitted to be genuine, is competent. (See opinion for a discussion of the point upon the authorities, by ROBINSON, J.) [ROTHROCK and GRANGER, JJ., *dissenting.*]

*Appeal from Wapello District Court.*—HON. DELL STUART, Judge.

FILED, JUNE 7, 1889.

ACTION to recover an amount alleged to be due on a promissory note. There was a trial to the court, and a judgment in favor of defendant. The plaintiff appeals.

*Wm. McNett* and *W. S. Coen,* for appellant.

*E. L. Burton,* for appellee.

ROBINSON, J.—I. Judgment was rendered by the district court, and the bill of exceptions was made a part of the record, and filed on the third day of December, 1887. The short-hand reporter's original notes of the testimony taken on the trial were duly certified and filed on the twenty-sixth day of November, 1887, but the translation of the notes was not certified until the seventeenth day of June, 1888, and was not filed until the twenty-eighth day of September, 1888. The notice of appeal was fully served on the twenty-eighth day of May, 1888, and was filed with the clerk on the next day.

The appellee has filed a motion to strike the evidence from the abstract on the ground that it was not

duly made a part of the record, for the reason that the translation was not certified and filed within the time required by law. If this were an equitable action for trial by this court *de novo*, the motion would have to be sustained. *Kavalier v. Machula*, 77 Iowa, 121. Section 2742 of the Code requires that all evidence offered in the trial of an equitable action be certified by the judge within the time allowed for the appeal of the cause, but no bill of exceptions is required. Code, sec. 2831, as amended. It has been held that the certificate of a judge, who could not read the short-hand notes, would not give them the character of written evidence, and that, since the evidence must be certified within six months from the rendition of the judgment, the translation of the short-hand notes properly certified must be filed within that time. *Richards v. Lounesbury*, 65 Iowa, 587 ; *Merrill v. Bowe*, 69 Iowa, 654 ; *Kavalier v. Machula*, *supra*. Different rules govern appeals in civil causes not triable in this court *de novo*. In such cases the bill of exceptions is necessary to preserve exceptions which would not otherwise be a part of the record, and must be settled and filed during the term at which the decision of which complaint is made is rendered. Code, sec. 2831. An extension of time is provided for, but it cannot be claimed as a matter of right. Section 3777 of the Code provides that the short-hand reporter's original notes of testimony shall be filed in the office of the clerk of the court, and become a part of the record in the case in which they were taken, and that they may be made a part of the bill of exceptions. The practice of incorporating them in skeleton bills of exceptions has been repeatedly sanctioned by this court. *McCarthy v. Watrous*, 69 Iowa, 264; *Gardner v. Railway Co.*, 68 Iowa, 590 ; *Hill v. Holloway*, 52 Iowa, 678. The statute does not, in terms, fix the time within which the short-hand reporter's translation must be filed in such cases. It is evident that it should be so filed before the clerk is required to prepare a transcript of the record for this court. *Warbasse v. Card*, 74 Iowa, 309.

It is insisted by appellee that the appeal must be perfected within six months from the rendition of the judgment, and that when it is done the record should be complete. A distinction has been noticed between taking and perfecting an appeal. *Fairburn v. Goldsmith*, 56 Iowa, 347. Appeals may be taken to this court at any time within six months from the rendition of the judgment or order appealed from. Code, sec. 3173. An appeal is taken by the service of a notice in writing upon the proper persons. Code, sec. 3178. Thirty days must intervene between the taking of the appeal and the trial in this court. Code, sec. 3180. It is evident from an examination of the various provisions of the statute relating to appeals that several months may intervene between the expiration of the six months within which an appeal may be taken and the docketing of the case and the filing of papers in this court. During that time the appeal cannot be said to be perfected, but the delay is permitted by statute. Since there is no provision of law fixing, in terms or by necessary implication, the time within which the translation of the short-hand reporter's notes shall be certified and filed in civil actions at law, we conclude that it is sufficient in any case if done within such time as to permit the submission of the case in this court in the manner, and within the time, fixed by statutory and other rules applicable in such cases. Those rules seem to have been complied with in this case, and the motion to strike the evidence will therefore be overruled.

II. Appellee objects that the abstract does not purport to contain all the evidence. The appeal is designed to present for our consideration the ruling 2. ——:——: how much evidence to be set out. of the court below in rejecting certain evidence. It would have been improper to set out in the abstract evidence not necessary to explain the exceptions taken to such rulings. Code, sec. 2741, as amended. It is not denied that sufficient for that purpose is contained in the abstract.

III. The note upon which this action was brought is set out in the petition by copy as follows : " OTTUMWA,

**3. EVIDENCE: as to genuineness of lost signature: comparison based on recollection.** IOWA.—One day after date I promise to pay to J. A. Hammond, or order, the sum of one hundred, ninety-one and sixty-hundredths dollars ($191.60), with ten per cent. interest from date, for value received. September 22, 1872. JOSEPH WOLF." The answer of defendant is verified, and denies the genuineness of the signature, and denies the making of the note by defendant. On the trial plaintiff introduced evidence tending to prove that the signature was the genuine signature of defendant; that it was made in the presence of plaintiff; that after the petition was drawn the note was lost, and that due and ineffectual search for it had been made. A signature of defendant, admitted by him to be genuine, was introduced in evidence. W. S. Coen, an attorney, then testified that he and Charles Hall had been partners; that plaintiff handed to them a note for collection; that it was dated in September, 1872, was for one hundred and ninety-one dollars and some cents due one day after date, and purported to be signed by Joseph Wolf; that he distinctly recollected handling the note frequently; that he had had considerable experience in comparing handwriting for the purpose of determining the genuineness of signatures, and had paid considerable attention to signatures; that he had seen the signature upon the lost note at least four or five times, and had a recollection of its appearance and character, and that he had examined the signature in evidence, admitted by defendant to be genuine. Mr. Coen was then asked this question: "From your examination of the admitted signature of the defendant in evidence, what is your opinion as to whether the signature of the defendant on the lost note is or is not the genuine signature of the defendant?" Defendant objected to the question "as incompetent, irrelevant and immaterial, and not the proper way of proving handwriting, and because the signature in question is not in court." This objection was sustained. Plaintiff then offered to prove by the witness that in his opinion the signature to the lost note,

as compared with the signature of defendant admitted to be genuine, was the genuine signature of defendant. To that offer the objection last mentioned was made and sustained.    Charles Hall testified that he drew the petition, and had the note before him at that time ; that it had then been in their possession several months ; that he had had experience in copying and examining handwritings and signatures.    He was then asked substantially the same question in regard to his opinion as to the genuineness of defendant's signature on the lost note as had been asked of Coen, to which substantially the same objection was interposed.    On that objection the court ruled as follows :    " Objection is sustained on the ground that the signature to the note itself is not present in court."    Plaintiff then offered to prove by Hall that in his opinion the signature to the lost note, as compared with the one admitted to be genuine, was defendant's signature, but an objection to the offer was sustained.    Exceptions to these rulings were duly taken by plaintiff.    The defendant then testified that he never gave the note in suit, and that the signature thereto was not his genuine signature.    Some objection is made by appellee to Hall's competency to testify as an expert, but, as it is not grounded upon the ruling of the court, it need not be determined.

The material question involved in the ruling of which complaint is made is substantially this:    Is the opinion of a witness as to the genuineness of a disputed lost signature which he has seen, based upon a comparison of his recollection of it with a signature of the same person in evidence, and admitted to be genuine, competent ?    At common law a disputed writing could not be proven by comparing it with other writings, unless it was ancient, or unless such writings were properly in evidence for another purpose.    *Moore v. United States*, 91 U. S. 273; Lawson, Exp. Ev. 327; 1 Whart. Ev., sec. 712; 1 Rosc. Crim. Ev. 268.    That rule has been followed by the federal and by several of the state courts.    In England it was changed by statute in the years 1854 and 1865, and in many of the states the

practice is now regulated, in whole or in part, by stat-
ute. The tendency of the legislatures and the courts is
in the direction of allowing greater latitude in the proof
of disputed facts. Section 3655 of the Code is as follows:
"Evidence respecting handwriting may be given by
comparison made by experts or by the jury with writ-
ings of the same person which are proved to be gen-
uine." All testimony in regard to handwriting, except
in cases where the witness saw the document written,
involves comparison. 1 Greenl. Ev., sec. 576; Lawson,
Exp. Ev. 323; *Hyde v. Woolfolk*, 1 Iowa, 165. The
opinion of a witness as to a writing was admissible at
common law if he knew the handwriting of the person
claimed to have written it, and such opinion was com-
petent even though the witness had seen such person
write but seldom, and then many years before the time
of testifying. Lawson, Exp. Ev. 281, *et seq.*, and author-
ities therein cited; *Garrells v. Alexander*, 4 Esp. 37;
*Eagleton v. Kingston*, 8 Ves. 473; 1 Rosc. Crim. Ev. 7;
*Hyde v. Woolfolk*, 1 Iowa, 163; *Rideout v. Newton*, 17
N. H. 74; *Magee v. Osborn*, 32 N. Y. 675. So a witness
who had corresponded with a party was permitted to
give his opinion as to whether or not a disputed instru-
ment was in his handwriting, even though he had never
seen him write. Lawson, Exp. Ev. 286; *Lyon v. Lyman*,
9 Conn. 59; *Clark v. Freeman*, 25 Pa. St. 133. It was
also held that the opinion of a witness was admissible
if he had seen handwriting admitted to be that of the
person whose writing that in dispute was claimed to be.
Lawson, Exp. Ev. 295; *Hammond's Case*, 2 Greenl. 33;
*Woodman v. Dana*, 52 Me. 9; *Hammond v. Varian*,
54 N. Y. 400; *Cabarga v. Seeger*, 17 Pa. St. 519; *Hop-
kins v. Megquire*, 35 Me. 80; *State v. Hastings*, 53 N. H.
458. In all these cases the opinions of the witnesses
were necessarily based upon a comparison between the
standard, as preserved by their recollection of the
writings admitted to be genuine, and the disputed writ-
ings in evidence. It is true that such witnesses are
usually treated as having actual knowledge of the hand-
writing of the persons whose writings are in question,

and not as experts; but the fact that the authorities recognized the competency of opinions based upon a comparison other than by juxtaposition cannot be successfully questioned. If a comparison between the disputed writing in evidence and the mental exemplar of the witness be allowable, why may not the comparison be made between the admitted standard and the lost instrument, as remembered by the witness? It is objected that such evidence would be weak and unsatisfactory. That it would be so in many if not most cases may be conceded, but the objection goes rather to the value than to the competency of the evidence. If the lost writing were carefully examined by an intelligent and capable witness but a short time before the giving of his testimony, his opinion might be entitled to much consideration.

The testimony of experts in regard to the genuineness of writings has not been considered as a rule to be of a satisfactory character (*Whitaker v. Parker*, 42 Iowa, 586; *Borland v. Walrath*, 33 Iowa, 133); but it is admissible for what it is worth. Evidence of the kind in question would be of less value than would be the testimony of experts in regard to writings produced in court. Where practical the writings to be compared should be so produced that the parties in interest may inspect them; that the witnesses may have the best means attainable for making comparisons; that the witnesses may be more intelligently examined in regard to their opinion; that the jury may be the better able to scrutinize and weigh the evidence; and that they may themselves compare the writings. But, if the disputed writing be lost, should the party in interest be denied the right to submit the best secondary evidence as to its genuineness which the nature of the case will admit? We think not. Section 3655 of the Code provides for a comparison to be made by experts as well as by the jury, but it does not in terms require a comparison by juxtaposition, although that is the kind usually made by experts. It was designed to make competent evidence which the strict rule of the common law would have excluded, and is not restrictive in its character.

In our opinion the evidence in controversy in this case was competent, and should have been admitted. We think our conclusion is in harmony with reason, and that it is supported by the following authorities: *Abbott v. Coleman*, 22 Kan. 250; *Koons v. State*, 36 Ohio St. 195; *State v. Shinborn*, 46 N. H. 497; *Sayer v. Glossop*, 2 Welsb. H. & G. 409; 2 Taylor Ev., sec. 1878. It is true there are decisions which announce a different rule. Of these the case of *Hynes v. McDermott*, 82 N. Y. 43, was tried prior to the passage of the New York statute of 1880, allowing proof of signature by the comparison of handwritings, and the case of *Bruce v. Crews*, 39 Ga. 544, arose under a statute which required the writings used for comparisons to be submitted to the adverse party before trial, and to be given to the jury. For the errors pointed out the judgment of the district court is

REVERSED.

ROTHROCK and GRANGER, JJ., dissenting.