ISAAC BALDWIN, Appellant, v. D. L. RYDER, *et al.*; Appellees.

**Appeal:** RECORD: TRANSCRIPT OF EVIDENCE IN EQUITY CAUSE. Under the provisions of section 2742 of the Code requiring that, the evidence in equity causes be taken down in writing, and that the same. shall be certified by the judge within the time allowed for appeal, the filing of the official reporter's shorthand notes of the testimony in a cause within the time allowed, with the certificate of the judge that the same contains all the evidence introduced upon the trial of said cause, but of which no translation has been filed, will not entitle the appellant to a trial *de novo* in the supreme court.

*Appeal from Clinton District Court.*—HON. W. F. BRANNAN, Judge.

WEDNESDAY, MAY 18, 1892.

ACTION in equity to quiet title in the plaintiff to certain real estate as against the defendants. The cause was submitted to the court, and a decree entered dismissing the plaintiff's petition, and quieting title in the defendants as against the plaintiff, from which the plaintiff appeals.—*Affirmed.*

*E. S. Bailey* and *R. R. Baldwin,* for appellant.

*Ellis & McCoy,* for appellees.

GIVEN, J.—I. The appellees moved to strike all the evidence from the record upon the grounds that no transcript of the shorthand notes thereof was filed within six months, as required by section 2742 of the Code, and that the trial judge has not certified or authenticated any such transcript. The cause was submitted on the eighth day of April, 1890, and a decree entered on the twenty-second day of April, 1890. The appellant's additional abstract shows that the official reporter's shorthand notes of the testimony, duly certified by him, were filed with the clerk on the tenth day of April, 1890; and that on the twenty-ninth day of September, 1890, the Honorable W. F. BRANNAN, the judge before whom the said cause was tried, signed the following certificate attached to the instrument:

"Isaac Baldwin v. D. L. Ryder, *et al.* Certificate of judge: I hereby certify that the foregoing transcript of the shorthand reporter's notes, together with the exhibits and documentary evidence referred to therein, contains all the evidence introduced upon the trial of said cause; and said transcript also contains and recites all objections, rulings, and exceptions in reference to the admission or exclusion of testimony, and is a complete report of such testimony, and all proceedings and rulings in connection therewith; said testimony being contained in one volume. Dated September 29, 1890. W. F. Brannan, one of the judges of the seventh judicial district of Iowa."

It does not appear that the reporter's translation of the shorthand notes into longhand was ever filed with the clerk; indeed, it appears that no such translation was filed before or after the six months allowed by law. Following *Kavaleir v. Machula*, 77 Iowa, 121, we must hold that the evidence set out in the appellant's abstract is not so authenticated as to be entitled to consideration upon a hearing *de novo* in this court. It will be observed that the judge's certificate is that

the transcript "contains all the evidence introduced upon the trial, * * * and is a complete report of such testimony, and all proceedings and rulings in connection therewith," but it is not certified that said transcript contains all the evidence offered. The appellees' motion must be sustained, and, as this leaves us without the evidence offered and introduced on the trial below, the case cannot be considered *de novo*, and the judgment is therefore AFFIRMED.