THE STATE OF IOWA, Appellee, v. BOYD BROS., *et al,* Appellants.

**Transcript of Evidence:** TIME OF FILING: LIQUOR NUISANCE: PROSECUTION BY COUNTY ATTORNEY: ATTORNEY FEES.

*Appeal from Story District Court.*—HON. D. R. HINDMAN, Judge.

WEDNESDAY, MAY 25, 1892.

ACTION in equity to restrain the defendants from maintaining a nuisance by keeping for sale and selling intoxicating liquors in violation of law. After a hearing on the merits, a decree was rendered in favor of the plaintiff, as prayed. The defendants appeal.—*Affirmed.*

*J. F. Martin* and *Funson & Gifford,* for appellants.

No appearance for appellee.

ROBINSON, C. J.—The decree of the district court was rendered on the twenty-ninth day of May, 1890. The plaintiff shows, by an additional abstract, that the translation of the shorthand reporter's notes was not filed in the office of the clerk of the district court until the sixth day of January, 1891. That was not in time to secure a trial *de novo* in this court. *Arts v. Culbertson*, 73 Iowa, 13; *Kavalier v. Machula*, 77 Iowa, 121.

Errors have been assigned by the appellants, of which some have not been noticed in argument, and others relate to the effect of the evidence, and cannot be considered. The only assignment which, by the most liberal rule of practice, can be regarded as requiring attention is one which charges error in the court in taxing, as a part of the cost in favor of the attorney for the plaintiff, a fee of thirty-five dollars. The theory of the assignment is that such a fee cannot be taxed in cases prosecuted by the county attorney; but it was held in *State v. Douglas*, 75 Iowa, 432, 434, that an attorney's fee is taxable in such cases, as well as in those prosecuted by private citizens.

No ground is shown for reversing the decree of the district court. It is therefore AFFIRMED.