## J. C. Yetzer v. Sarah J. Wiles *et al.*, Appellants.

1 Practice on Appeal: Transcript Certified too Late. When the transcript of the evidence is not certified by the judge and reporter
2 nor filed, within six months after decree, the cause can not be tried
3 *de novo.* The fact that the failure is due to the reporter's delay can not alter the rule.

4 SAME : No question can be decided when the transcript is thus certified, which involves the consideration of evidence.

*Appeal from Cass District Court.*—HON. WALTER I. SMITH, Judge.

SATURDAY, MAY, 26, 1894.

ACTION in equity to foreclose a mortgage. Defense, payment of the notes, and a claimed right of redemption from a certificate of sale under a mortgage foreclosure on a mortgage given by defendants to the

Western Loan & Trust Company, which certificate plaintiff purchased. Decree dismissing the petition and cross petition, and taxing a part of the costs to defendants. They appeal.—*Affirmed.*

*H. G. Curtis* for appellants.

*De Lano & Meredith* for appellee.

KINNE, J.—I. Plaintiff filed his petition asking for the foreclosure of a mortgage executed by defendants upon certain land in Cass county, Iowa. Defendants admitted the execution of the notes and mortgage, denied any indebtedness, and averred that said notes were without consideration. In an amendment, they made the sheriff of the county a defendant, and asked that a temporary injunction issue restraining him from executing a deed to the premises. By way of cross petition, defendants averred that since the suit began plaintiff had become the purchaser of a certificate of sheriff's sale of said land, which sale was made in the suit of the Western Loan & Trust Company against defendants on a mortgage subsequent to plaintiff's, and that the equity of redemption under said sale would expire May 24, 1891; that plaintiff made such purchase in advance of the termination of this suit, knowing that defendants would be unable to make sale of said land while his claim was undetermined; that there is a mortgage upon said land to the Security Loan & Trust Company for two thousand, two hundred and fifty dollars which is prior to plaintiff's mortgage, and to the mortgage upon which the land was sold; that the amount of all these claims, with interest and taxes, is such that defendants can not secure a loan of sufficient money on the land or otherwise to redeem the same; that the land is worth six thousand dollars, and, if the cloud of plaintiff's mortgage was removed, it is of sufficient value so that defendants can secure sufficient funds to

pay all liens against it; that plaintiff's mortgage debt is paid; that they have made a written tender to plaintiff of the full amount of all claims held by him, including the amount due on said certificate, which he declined; that the amount due plaintiff, over and above the amount due on said certificate, if anything, can not be determined in advance of the final disposition of this case. An injunction is asked restraining the sheriff from executing a deed to plaintiff under said certificate. In an amendment, defendants aver that the plaintiff procured the assignment of the certificate by fraudulent representations made to the holder thereof; that said sheriff has executed a deed to said premises to plaintiff; wherefore defendants ask to be allowed to make redemption.

II. Appellee insists that the evidence taken on the trial of this case in the lower court has not been preserved and made part of the record in such a way, and at such a time, as to entitle defendants to a trial *de novo* in this court. It appears without conflict that no transcript of the evidence in the case was made and filed within six months from the time of entering the decree, nor was it certified by either the official reporter or judge who tried the case within said time. He also claims that no question of law arises in the case for determination, except upon the evidence and facts established thereby, and the court can not determine such questions in the absence of the evidence. In this case the decree was entered January 14, 1892. The shorthand notes were certified by the judge October 20, 1891, at the time of the trial. It does not appear that the transcript of the notes was certified within six months following the entry of the decree. No certificate by the reporter of the notes is set out. It seems to be conceded that the transcript of the notes was not certified by either the judge or reporter within six months, and that the transcript was not in fact filed until after the expira-

tion of said time.   Under these circumstances, we can
not try the case *de novo*.   *Wise v. Usry*, 72 Iowa, 74,
33 N. W. Rep., 371; Code, sections 2742, 3777; *Merrill
v. Bowe*, 69 Iowa, 653, 29 N. W. Rep. 766; *Arts v.
Culbertson*, 73 Iowa, 13, 34 N. W. Rep. 490; *Kavaleir
v. Machula*, 77 Iowa, 121, 41 N. W. Rep. 590; *Thomas
v. McDaneld*, 77 Iowa, 126, 41 N. W. Rep. 592; *Hammond v. Wolf*, 78 Iowa, 227, 42 N. W. Rep. 778; *Baldwin v. Ryder*, 85 Iowa, 251, 52 N. W. Rep. 201; *State
v. Boyd*, 85 Iowa, 740, 52 N. W. Rep. 513.   Appellants, in their abstract, set forth an affidavit
made by the official reporter, in which he shows
he. had a large amount of work to do, and supposed he had ample time in which to make and file the
transcript, but was mistaken as to the time the decree
in the case was entered.   Appellants contend that,
where the failure to file such transcript was through no
fault of theirs, but that of the official reporter alone,
they are not prevented from having their case tried *de
novo*.   As will be seen from an examination of the
cases above cited, we have held that the statute is absolute in its requirements that the transcript in an
equity case triable *de novo* must be filed within six
months from the time of the entering of the decree.
We are cited to cases in other states where it has been
held that a right of appeal would not be cut off by
reason of failure or neglect of an official to do his duty
when the appellant was not in fault.   We need not consider them.   We do not think we have power, under
the statute, to extend the time fixed therein for filing a
transcript of the evidence.   In this case, it was over
two months after the decree was entered before the official reporter was asked to make a transcript, and from
his own showing it appears that, even after that, if he
had confined his labors to the performance of his regular duties, he could have furnished the transcript in
time.   The case, then, is not triable *de novo* here.

III. Can the questions raised by the assignments of error be determined in the absence of the evidence? These assignments question the correctness of the holding of the court in dismissing the petition, and cross petition and in thus denying the relief sought, and in rendering judgment against the appellants for costs. The court, by its final judgment, denied their right of redemption, and refused to set aside the sheriff's deed. We can not, in the absence of evidence, determine as to the rightfulness of the court's action, as it depends upon the evidence, which we have no right to consider. Defendants claim that the court found nothing due plaintiff on his mortgage against them. We do not so understand the decree. It simply denied relief to any of the parties, but on what ground does not appear. There was no finding that the notes had been paid. The motion of appellee must be sustained. AFFIRMED.