IRA C. CALEF v. C. C. COLE, *et al.*, Appellants.

**Practice on Appeal.** The time for filing transcript in equity cases runs from entry of decree and not from a subsequent correction of it for a mere oversight.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

SATURDAY, FEBRUARY 2, 1895.

Action for judgment upon a paving certificate, and to reform and correct said certificate. Decree for plaintiff. Defendants appeal.—*Affirmed.*

*C. C. Cole* for appellants.

*Berryhill & Henry* for appellee.

Kinne, J.—I. In view of the fact that this case is not in a condition to be disposed of upon the merits, we shall not fully state the issues between the parties. It was an action upon a paving certificate issued by the town of North Des Moines to J. B. Smith & Co., and which afterward became the property of this plaintiff. The prayer was for the correction of the certificate, and

for a judgment thereon. The District Court entered a decree as prayed on the ninth of February, 1893. A motion to set aside the judgment and for a new trial was overruled on the thirty-first of March, 1893. April 3, 1893, defendants perfected their appeal to this court. The January term of the Polk District Court closed on April 1, 1893, and the April term commenced on April 3, 1893. April 5, 1893, plaintiff moved the court below to modify the entry of judgment in the case, and on the eighth of said month the court made an entry reciting that, the plaintiff having, at the time of the rendition of the judgment, remitted the sum of two dollars and twenty-seven cents upon the attorney's fees taxed, and the fact of such remititur not having been made to appear in the judgment entry through an oversight, it is now ordered as of the ———— day of February, 1893, the date of said judgment, that said entry be corrected, and made a part thereof; it is now ordered that the plaintiff remitted the sum of two dollars and twenty-seven cents upon the attorney's fees herein. Judgment is hereby entered for the sum of two dollars and sixty cents, as herein stated, as attorney's fees, or expenses of collection, to which defendants duly excepted. October 4, 1893, defendants appealed from this order or judgment. The transcript or translation of the shorthand notes taken in this case, and properly certified, was not filed with the clerk of the District Court within six months of the entry of the decree of date of February 8, 1893, but was filed within six months of the time of the entry correcting the judgment.

II. Appellee moves to strike from the record the evidence in this case, because the transcript or translation of the shorthand reporter's notes of the evidence was not filed within six months from the date of entering the decree. Appellants, while conceding that such

transcript was not filed within six months of the date
of the entering of the decree of date of February 8,
1893, resist the motion on the ground that such tran-
script was in fact filed within six months from the time
the order was made correcting the judgment thereto-
fore entered.   Our statute provides: "But in equitable
actions, wherein issue of fact is joined, all the evi-
dence offered in the trial shall be taken down in writ-
ing, or the court may order the evidence, or any part
thereof, to be taken in the form of depositions, or either
party may, at pleasure, take his testimony or any part
thereof by deposition.   All the evidence so taken shall
be certified by the judge at any time within the time
allowed for the appeal of said cause, and be made a
part of the record, and go on appeal to the Supreme
Court, which shall try the cause anew."   Code, section
2742.   Under this section it has always been held that,
unless the translation of the reporter's shorthand notes
is filed in the lower court within six months from the
time of entering the decree, or, as has sometimes been
said, within the time allowed for an appeal, the case
cannot be tried *de novo* in this court.   *Merrill v. Bowe*,
69 Iowa, 653, 29 N. W. Rep. 766; *Wise v. Usry*, 72 Iowa,
74, 33 N. W. Rep. 371; *Arts v. Culbertson*, 73 Iowa, 13,
34 N. W. Rep. 490; *State v. Roenisch*, 77 Iowa, 379, 42
N. W. Rep. 325; *Kavalier v. Machula*, 77 Iowa, 121, 41
N. W. Rep. 590; *Thomas v. McDonald*, 77 Iowa, 126, 41
N. W. Rep. 592; *Hammond v. Wolf*, 78 Iowa, 227, 42 N.
W. Rep. 778; *Baldwin v. Ryder*, 85 Iowa, 251, 52 N. W.
Rep. 201; *State v. Boyd*, 85 Iowa, 740, 52 N. W. Rep.
513; *Yetzer v. Wiles*, 91 Iowa, 478, 59 N. W. Rep. 287.
It becomes, then, simply a question as to whether the
time within which the transcript of the reporter's notes
must be filed, in order to permit a trial *de novo*, is to be
reckoned from the date of the entry of the original

decree, or from the time of the entry correcting the judgment. As the action of the court on April 8, 1893, was a mere correction of the judgment and decree, as to a matter known to the court when it entered the decree, but, by an oversight, not acted upon, we think that the correction of this error should not, for the purposes of determining the time within which the transcript must be filed, be treated as the decree. We think the motion is well taken, and must be sustained.

III. Errors are assigned upon the admission of evidence, the rendition of the judgment, and upon the action of the court in correcting its former judgment and decree. As the determination of the question presented by these alleged errors, except possibly the last one, would require us to examine and consider the evidence, and as it is not properly before us, we cannot pass upon them. The alleged error of the court in correcting its former judgment and decree is a matter appearing from the record outside of the evidence, and ordinarily we should consider it; but in this case it appears that the change related to an attorney's fee, a sum so small that we should not be justified in interfering with the judgment and decree, even if the correction was erroneously made.—*Affirmed.*