SPENCER H. SMITH v. RICHARD T. WELLSLAGER, F. M. LUPTON & COMPANY *et al.*, Appellants.

**Appeal:** REPORTER'S TRANSCRIPT: *Written evidence.* The notes of the court stenographer are not written, within the meaning of the law. But when his notes, identifying all documentary evidence, are duly certified to by the trial judge, the transcript thereof, including the judges certificate, duly certified by the reporter, may become written evidence.

TRIAL DE NOVO. To secure a trial *de novo*, however, a transcript of the evidence must be on file within six months from rendition of final decree.

ASSIGNMENT OF ERRORS: *Review in equity.* Under existing statutes (sections 2741, 2742, Code of 1873, as amended by chapter 83, Acts Eighteenth General Assembly, and chapter 145, Acts Seventeenth General Assembly) equitable action must be tried on such evidence as the law deems to be written evidence, and unless there is written evidence preserved as those statutes direct, issues of fact in an equitable action will not be reviewed on assignment of error though the evidence may have been so taken and preserved as to warrant review were it still permissible to try equitable actions as law actions.

*Presumptions.* If all the evidence taken in the trial of an equitable action is not before the supreme court, the rulings thereon, even if erroneous, will be presumed to have been without prejudice.

*Office of.* The only purpose of an assignment of errors in an action heard in equity is to point out the errors of law. Such errors seem to be limited to rulings affecting the pleadings or decree; *e. g.*, if the decree is contrary to a finding of facts or where the pleadings do not warrant the relief granted.*

*Rulings on evidence.* An assignment of errors is not necessary in an action heard in equity, in the case of erroneous rulings on the admission of evidence, as they can only be determined on trial *de novo.*

Held *Arguendo.*—REPORTER.

*Judgment on Pleadings.*    An assignment of error is not required in an action heard in equity, where judgment is rendered on the pleadings.

*Motions and Demurrers.*    A ruling on a motion or demurrer in an action heard in equity can only be brought to the attention of the supreme court on error assigned.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

FRIDAY, APRIL 8, 1898.

ACTION to forclose a chattel mortgage on a stock of goods owned by the Lathrop-Rhoads Company, and to establish a lien on certain accounts assigned to secure the debt, and to establish the priorities of lienholders. Richard T. Wellslager was appointed receiver of all the goods, accounts, and choses in action of the company, and, in behalf of the other creditors, answered, alleging that the Lathrop-Rhoads Company, in executing the note to plaintiff, acted *ultra vires*, and the mortgage and assignment of accounts were made by said company for the purpose of hindering, delaying, or defrauding creditors. The F. M. Lupton Publishing Company and the National Wall-Paper Company intervened, making substantially the same claim against plaintiff's right of recovery as set up by the receiver. There was a decree for plaintiff as prayed, and Wellslager, as receiver, appeals.—*Affirmed.*

*C. H. Sweeney, Bailey & Ballreich, Granger & Bennett, N. B. Raymond* and *J. C. Macey* for appellant.

*Dudley, Coffin & Byers* for appellee.

LADD, J.—Issue of fact was joined, and the cause tried at the September, 1896, term of court. At the conclusion of the trial the report in shorthand of all the

proceedings had was duly certified by the judge and official reporter, and filed. Final decree was entered October 24, 1896. A transcript of the evidence was prepared and certified by the reporter December 1, 1896, but not filed with the clerk till October 18, 1897, and then without the certificate of the judge. The appellee moved to strike the evidence and affirm because the evidence had not been made a part of the record, and no question of law involved may be passed upon without such evidence. Thereupon the appellants filed an assignment of errors, and the appellee, by amendment to his former motion, asks that this be stricken from the files for the reason that the cause was tried in the district court as an equitable action, on issues joined, and no rulings were had or exceptions saved as required on law issues, and the assignment of errors is predicated on the evidence, which is not properly before this court.

I. The notes of the stenographer are not writing, within the meaning of the law. *Godfrey v. McKean*, 54 Iowa, 127; *Baldwin v. Ryder*, 85 Iowa, 251. But when his notes, identifying all documentary evidence, are duly certified to by the trial judge, the transcript thereof, including the judge's certificate, duly certified by the reporter, may become written evidence. *Ross v. Loomis*, 64 Iowa, 432; *Goetz v. Stutsman*, 73 Iowa, 693; *Burnett v. Loughbridge,* 87 Iowa, 324; To secure a trial *de novo*, however, a transcript of the evidence must be on file within six months from the time final decree is entered. *Merrill v. Bowe*, 69 Iowa, 653; *Arts v. Culbertson*, 73 Iowa, 13; *Yetzer v. Wiles*, 91 Iowa, 478; *Kavalier v. Machula*, 77 Iowa, 123; *Lumber Co. v. Davis*, 82 Iowa, 731; *Calef v. Cole*, 93 Iowa, 679; *Bank v. Redhead*, 103 Iowa, 421. See also *Dietz v. Pipe Co.*, 103 Iowa, 542.

II. But appellants insist that they are entitled to a hearing on their assignment of errors, and that for this purpose the evidence is properly before this court. The report of all the proceedings, taken down in shorthand, when duly certified by the trial judge and reporter, constitute a complete bill of exceptions in an action at law, if filed at the conclusion of the trial. The time for filing the transcript is not limited by the statute. *Hammond v. Wolf*, 78 Iowa, 227; *Fleming v. Stearns*, 79 Iowa, 256; *Slone v. Berlin*, 88 Iowa, 205; *Barber v. Scott*, 92 Iowa, 52. That a different rule, however, obtains in equity, is recognized in these cases.

Formerly, all issues of fact, whether ordinary or equitable, were tried on oral evidence, except those of actions in equity, where trial on written evidence was ordered by the court on the application of one of the parties, made at the appearance term. Code 1873, sections 2741, 2742. Under these sections of the statute, the rules pertaining to the preparation of the record in ordinary actions applied, unless trial was ordered on written evidence. *Cross v. Railway Co.*, 51 Iowa, 683; *Lutz v. Kelly*, 47 Iowa, 307. Section 2741 was amended by chapter 83 of the Acts of the Eighteenth General Assembly, limiting trials on oral evidence to ordinary actions. Section 2742 was also amended by chapter 145 of the Acts of the Seventeenth General Assembly, and again by chapter 35 of the Acts of the Nineteenth General Assembly, and as so amended is as follows: "But in equitable actions, wherein issue of fact is joined, all the evidence offered in the trial shall be taken down in writing, or the court may order the evidence, or any part thereof, to be taken in the form of depositions, or either party may at pleasure, take his testimony, or any part thereof by deposition. All the evidence so taken shall be certified by the judge at any time within the time allowed for the appeal of said cause, and be made a part

of the record and go on appeal to the supreme court, which shall try the cause anew." Attention is called to the change in these statutes in *Schmeltz v. Schmeltz*, 52 Iowa, 512. The authorities upon which appellant relies construed the sections of the Code of 1873 prior to their amendment. At present the only provision concerning the manner of trying equitable actions, and the preservation of the evidence taken, as a part of the record, which shall go on appeal to the supreme court, is that quoted. The law, as it now stands, requires such actions to be tried on written evidence, and no motion for that purpose is required. *Hines v. Horner*, 86 Iowa, 594. It is only when an equity case is tried as a law action that the rules for making the evidence a part of the record in such an action apply. The issues joined in this case could not be properly heard, save in a court of equity. The hearing was had on that side of the calendar. Objections were interposed to evidence, but no rulings made, or exceptions taken. It was heard in the district court as an equitable action, and the defendants were required, in order to make the transcript, when duly certified, a part of the record for any purpose of appeal, to file it with the clerk within six months from the time final decree was entered. Having failed to do so, the motion to strike must be sustained. *Independent Dist. v. Ross*, 95 Iowa, 69; *Giltrap v. Watters*, 77 Iowa, 149; *Fritzler v. Robinson*, 70 Iowa, 500; *Bryant v. Fink*, 75 Iowa, 516; *Frank v. Hollands*, 81 Iowa, 164; *McCormick v. Lundburg*, 74 Iowa, 558.

III. The only purpose of an assignment of errors in an action heard in equity is to point out the errors of law. It is not necessary in event of erroneous rulings on the admissibility of evidence, for these can only be determined on trial *de novo;* for, if all the evidence is not before the court, the rulings, even if erroneous, may well be deemed to have been

without prejudice, owing to the presumption in favor of the correctness of the court's conclusions. Nor where judgment is on pleadings is an assignment of error required. *Early v. Burt,* 68 Iowa, 716; *Heidlebaugh v. Wagner,* 72 Iowa, 601. See, also, *Jordan v. Wimer,* 45 Iowa, 65. But the ruling on a motion or demurrer can only be brought to the attention of this court on error assigned. *Powers v. O'Brien County,* 54 Iowa, 501; *Patterson v. Jack,* 59 Iowa, 632; *Fink v. Mohn,* 85 Iowa, 739; *Marshall v. Westrope,* 98 Iowa, 324; *Bank v. Pottorfe,* 96 Iowa, 354. The utility of an assignment of error in a cause tried in equity seems to be limited to rulings affecting the pleadings or the decree entered. If the decree, for instance, is contrary to the finding of facts therein contained, it would seem it might be corrected on assignment of errors. And, where the relief granted in the decree is not warranted by the pleadings, might not the remedy be obtained on appeal, through an assignment of error, without the complete record? No such errors are complained of, however, in this action, and those assigned can only be determined from an examination of the evidence. For this reason the motion to strike the assignment of error from the record will be sustained. As the appellee could not well anticipate what the rulings of the court might be, and in view of the time the appellant filed the assignment of errors, we think the motion to strike the appellee's amendment to the abstract should be overruled.—AFFIRMED.