EMMA A. KEITH et al., Appellants, v. CONWAY SAVINGS BANK, Appellee.

APPEAL AND ERROR: Bill of Exceptions—Preservation of Evidence. In an equitable action, it is essential to the preservation of the evidence as a part of the record on appeal that, under Sec. 3652, Code Supp., 1913, it should be certified, either in shorthand or transcript, and filed with the clerk of the district court within six months from the entry of the decree. This statutory method is exclusive, and evidence was not preserved, when not so certified and filed, although there was a proceed-

ing in the trial court, seeking a correction of the record, in which appellee set forth a transcript of the testimony in question, which was admitted by appellant.

*Appeal from Taylor District Court.*—THOMAS L. MAXWELL, Judge.

SEPTEMBER 26, 1919.

REHEARING DENIED JANUARY 20, 1920.

SUIT in equity to enjoin an execution sale of alleged partnership property to satisfy a judgment against one of the alleged partners. The alleged partnership consisted of a husband and wife and their two sons. Their business was transacted wholly in the name of the wife, Emma Keith. There was a trial, in the nature of an accounting. The finding of the trial court was that the interest of the execution defendant in the partnership property was in a sum in excess of the amount of the execution, and decree was entered accordingly. The plaintiffs appeal.—*Affirmed.*

*Frank Wisdom,* for appellants.

*McCoun & Brant* and *W. M. Jackson,* for appellee.

EVANS, J.—In the consideration of the appeal, the fact questions are determinative. We are confronted with a motion by the appellee to strike the evidence contained in appellant's abstract, and to affirm on the ground that the evidence was not properly preserved and made of record, as required by the statute. The facts put forth in support of such motion are undisputed. The case came on for trial in the district court on April 29, 1915. At the conclusion of the taking of evidence, the record shows the following entry: "Evidence closed by agreement of counsel." A future date was set for argument, May 12, 1915. On the latter date, the following entry appears of record:

"The parties have leave to take further evidence as to

the property claimed by Valma Keith and submit the same
to the court as a part of the evidence in this case on final
submission."

Pursuant to such order, the parties took the additional
testimony of two witnesses. Such testimony, however, was
not taken by the regular shorthand reporter of the district
court, but, by agreement of both parties, was taken by one
Chambers, a stenographer. The evidence so taken was duly
transcribed, and was introduced in evidence at the final
submission of the case. The final submission was had on
December 17, 1915, on which date the decree was entered.
The shorthand notes taken by the regular court reporter
in April were duly certified by the reporter and judge, and
duly filed. A certified transcript thereof was also filed
within the statutory time. The final certificate from the
trial judge, certifying to *all* the evidence, including the
transcript of the regular reporter and of the notes taken
by Chambers, was duly signed by the trial judge, June 17,
1916. This certification of the trial judge and transcript
of Chambers to which it was attached, were not *filed* un-
til June 28, 1916. This was after six months from the date
of the decree. There had been no previous certification or
filing of the shorthand notes of Chambers. Under Sec-
tion 3652, Code Supplement, 1913, and under our previous
decisions construing the same, it was essential to the pres-
ervation of the evidence as a part of the record that the
same should be certified, either in shorthand or transcript,
within six months, and that the certification should be filed
with the clerk within six months from the entry of decree.
*Yetzer v. Wiles,* 91 Iowa 478; *Calef v. Cole,* 93 Iowa 679;
*First Nat. Bank v. Redhead N. L. & Co.,* 103 Iowa 421;
*Smith v. Wellslager,* 105 Iowa 140.

In resistance to this motion, the appellants dispute no
fact or date set forth. Their contention is that the actual
identity of the evidence in the lower court is accomplished.

by the practical agreement of the parties. By way of resistance to the motion to strike and affirm, the appellants admit that the testimony of the two witnesses in question was precisely as and what the appellee claims it to be. It appears, also, that there was a proceeding in the trial court seeking a correction of the record. In such proceeding the appellee set forth a transcript of the testimony of the two witnesses in question. The appellants admitted the same fully, and admit the same herein. It is urged, therefore, that the testimony is as completely preserved and identified by this agreement as it could be so done by the certification and filing of the transcript within six months. The argument has its plausibility. But the statutory method of preserving the evidence of record is necessarily exclusive. There is no other method. If the certification of the evidence be not both made *and filed* within six months from the entry of the decree, then the evidence, in a sense, dies, and loses its identity as a part of the record. A right arises to the appellee to have the finding of facts of the trial court henceforth deemed a verity. Assuming that the appellee could waive such right, by agreement or otherwise, or that he could estop himself by conduct from asserting such right, no question of that kind is presented by this record.

The simple fact before us is that the certificate of the trial judge to all evidence, which was *made* within six months, and which was attached to the Chambers transcript, was not in fact *filed* until after the expiration of six months. The evidence as a whole, therefore, was not preserved, and a trial *de novo* here cannot be had.

It can, of course, be plausibly argued that a certification filed within six months and ten days is as credible and satisfactory as one filed within six months, and that a holding to the contrary is purely technical. But the technicality is only such as inheres in all statutes of fixed time and

date. Unless such statutes are applied according to their terms, they have no function whatever. It would be idle, for instance, to provide by statute that a litigant may appeal within six months, if the courts would still hold that an appeal within six months and a day would be entertained.

We see no escape for the appellants upon this record. The motion to strike must be sustained. No question is presented which would not involve a consideration of the evidence. The judgment below must, therefore, be—*Affirmed*.

LADD, C. J., PRESTON and SALINGER, JJ., concur.